PIERCE, *et als.* v. PRUDE & RUSSELL.

1. Exhibits to a bill may be proved *viva voce*, at the hearing : Therefore, when a cause is submitted for a decree, on the bill, answer and exhibits, and a decree made thereon, this Court will presume that the exhibits were proved before the Chancellor.

Writ of error to the Court of Chancery for the fourth district of the northern division.

The bill alleges that the complainants purchased from one William Burchfield, his right to one moiety of the west half of the north-east quarter of section 19, in township 18, of range 3 west; and also one moiety of four-sevenths of the east-half of the north-east quarter of the same section; Burchfield himself did not pretend to have the legal title to these lands, but held the bond of one Aquilla Pierce, conditioned to make him titles. This bond he assigned to the complainants, who exhibit it with their bill. The two moieties of the lands before describ-ed, were purchased from one Henley, by David and Aquilla Pierce, jointly. Henley executed to them jointly, a bond to make them titles. Aquilla Pierce died, subsequently to the as-signment made by him to Burchfield, and David Pierce, after his death, procured Henley to execute a deed to him, conveying the entire interest in the said lands, in fee simple, by falsely re-presenting that he was entitled to the whole, when in fact he was only entitled to one half. Aquilla Pierce was in posses-sion of a portion of the lands when he sold to Burchfield, and delivered the possession to him, and he to the complainants, when they purchased. David Pierce is, however, in possession of the whole of the west-half of the north-east quarter of the section which he claims to hold, to the exclusion of the com-plainants.

The complainants also purchased from Burchfield at the same time, the east half of the south-east quarter of the same sec-tion, and received from him a deed in fee simple. Burchfield claimed title under a purchase from Aquilla Pierce, who con-veyed to him by deed in fee simple, with covenants of war-

ranty. This half quarter was purchased from one Terrell, by David and Aquilla Pierce. jointly, who received a deed conveying the said land to them jointly, in fee simple. Aquilla Pierce had the possession of the whole of this half quarter section, at the time of the sale to Burchfield, and claimed to own it in severalty. The complainants do not know of any sale by David Pierce, of his interest in this half quarter section, to Aquilla Pierce, but they charge, that the former had passed to the latter his interest in the same, so that the latter had good right to sell and convey it to Burchfield. They also charge that Aquilla Pierce, at the time of the sale and conveyance, was in possession under claim of title, and that David Pierce was fully informed of the intention of Burchfield to purchase, and advised him to do so. Aquilla Pierce died in the year 1834, leaving William C., Frances D., Riley W., and Elizabeth Jane, his children, who are all under the age of twenty-one years, and who are his heirs at law.

From these facts, the complainants insist that they are the equitable owners of the west half of the north-east quarter, and two-sevenths of the east half of the north-east quarter, and to the east half of the south-east quarter of section 19, in township 18, of range 3, west; and that they ought to be permitted to enjoy the same, free from any claim, either by David Pierce, or the heirs at law of Aquilla Pierce.

On the 11th day of April, 1836, David Pierce commenced an action of trespass, to try title, against the complainants, and endorsed on his writ, that the object of his suit was to recover the east half of the north-east quarter, and the east half of the south-east quarter of the section before described.

That the said complainants cannot defend the said action in consequence of the said David Pierce having obtained the legal title to a portion of the said lands from the said Henley, in the manner before stated; and to another portion under the deed executed to him and Aquilla Pierce, by Terrell.

David Pierce. Burchfield, and the children of Aquilla Pierce, before named, are made parties defendants.

The bill prays an injunction against David Pierce, to restrain him from proceeding in the said suit at law; that he may be decreed to convey to the complainants one equal half of the west half of the north-east quarter, and one equal half of four-

seventhc of the east half of north-east quarter, and all his interest in the east half of the south-east quarter of section 19, in the township 18, of range 3, west; that the title of the heirs at law of Aquilla Pierce, may be divested, and for such relief against Burchfield as may be necessary.

An injunction was allowed on filing the bill, and at a subsequent term, Nancy Pierce was appointed *guardian ad litem* to the infant defendants. She answered, denying all knowledge of the facts alleged in the bill, but insisting, if they are true, she, as the widow of Aquilla Pierce, is entitled to dower in the lands. Burchfield answers the bill, and admits all of the material allegations.

David Pierce answers, and admits that it may be true, that the complainants purchased from Burchfield, in the manner stated by them, but denies any knowledge of it, or of the execution of the bond by Aquilla Pierce to Burchfield, or its assignment to the complainants. He admits that they are in possession of the east half of the south-east quarter, and of more than the one half of four-sevenths of the east half of north-east quarter of section 19, &c., but he denies that they have any right. He admits that he is in possession of the west half of the north-east quarter of the same section, and that a title bond was executed to himself and Aquilla Pierce, by Henley, but asserts that he was the *bona fide* purchaser of the said lands, and as such he always has retained the possession of the title bond; that the name of Aquilla Pierce, was inserted therein, at his instance, and he would have been entitled as part owner of the said land, upon condition that he paid his portion of the purchase money; the said Aquilla never had any interest in the same, except as trustee for the respondent, who paid the whole purchase money, except the sum of sixty dollars, for which judgment has been rendered against him, and for which he is now liable. He denies that he obtained the title deed from Henley, by fraud or misrepresentation. He admits the execution of the deed to himself and Aquilla Pierce, by Terrell, and that the same is now in his possession; that Aquilla Pierce was in possession of the land conveyed by that deed; the respondent held the deed because he paid the whole of the purchase money for the said land, and insists that his possession of the deed is sufficient evidence of his title. He denies that there

ever was any division of the lands, or that the said Aquilla ever had any right or title to the lands, or any portion of them, except as trustee for the respondent. He denies that he had any knowledge of the possession or title of Burchfield, and never advised him to purchase of Aquilla Pierce. He admits the death of Aquilla Pierce, and that he may have left children in the manner alleged; finally, he denies all fraud and combination, and prays to be dismissed from the bill, with costs, &c.

A general replication to this answer was filed by the complainant, but no evidence was taken in the cause by either party.

The injunction was dissolved on the coming in of the answer, and afterwards, at a subsequent term, the cause was submitted on the bill, answers and exhibits.

The Chancellor thereupon decreed, that the legal title of David Pierce, to one equal half of four-sevenths of the east half of the north-east quarter, and to one equal half of the west half of the north-east quarter of section 19, &c., should be divested from him and vested in the complainants; that the title of the complainants to the same, should be forever quieted from any claim from the heirs at law of Aquilla Pierce; that David Pierce, be perpetually enjoined from prosecuting his action at law, as to one equal half of the said four-sevenths of the east half of the north-east quarter, and as to one equal half of the east half of the south-east quarter of section 19.

The writ of error is sued out by all the defendants to the decree, and errors are assigned jointly, questioning the correctness of the decree, both with respect to Pierce and the heirs at law of Aquilla Pierce.

W. K. BAYLOR, for the plaintiffs in error.
PECK, for the defendant.s

GOLDTHWAITE, J.—At the first examination of this record, we were inclined to think that the decree of the Chancellor could not be sustained, because there seemed to be an entire want of proof, but then we did not advert to the fact, that the cause was submitted on the exhibits, as well as on the bill and answers. The exhibits could have been proved *viva voce*, at the hearing. Levert v. Redwood, (9 Porter, 79,) and al-

though the Chancellor does not state that they were so proved, it would be most unreasonable to conclude that the fact was otherwise.

The presumption which arises, from the fact that the case is decided chiefly on the evidence furnished by them, is also strengthened by the circumstance, that the cause was submitted on the bill, answers and exhibits. We therefore, conclude, that the exhibits were properly before the court, either by proof or in consequence of the submission. The exhibits show an agreement by Aquilla Pierce, to convey a legal and sufficient title for the lands in controversy to Burchfield; and the bond by which this agreement is proved, is assigned by the latter to the complainants. This, of course, is full proof of the main equity of the bill, as against the heirs at law of Aquilla Pierce, because it shows that he had divested himself of the equitable title; and if afterwards, in his life time, he had secured the legal title, it would have been in trust for the complainants.

The answer of David Pierce, admits the chief allegations of the bill out of which the equity of the complainants arise, so far as the land covered by the title bond executed by Aquilla Pierce to Burchfield and assigned to the complainants, is connected with it. That is to say, he admits that Henly executed a title bond to himself and Aquilla Pierce, to convey the lands to them jointly; that he has since given up this bond, and received a title in his own name. All which he asserts, about paying the entire purchase money, is irresponsive to the bill, and cannot avail him without proof. The case then stands of admitted facts, out of which a trust must be implied, with respect to the lands covered by the title bond. This trust inures to the benefit of the complainants, who by proving the exhibits, show themselves to be entitled to all the equities of Aquilla against David Pierce. We understand the decree, as not attempting to divest the title of David Pierce, to the land acquired by the deed from Terrell, as there was no proof of the alleged secret trust, and it being explicitly denied by the answer.

We think there is no error in the decree, and it is affirmed.