# Wynn *v.* Rosette.

*Bill in Equity to enforce Vendor's Lien on Lands.*

1. *Hearing on bill and answer.*—When a cause is submitted for hearing on bill and answer only, an answer on oath being required and made, the answer is to be taken as true, so far as it is responsive to the allegations of the bill (Code, § 3786), but no further.

2. *When answer is responsive, or not.*—When the bill seeks to enforce a vendor's lien on land, and alleges that one of the defendants claims some interest in the land, but does not define the nature and character of his claim; an answer by such defendant, setting up the defense of a *bona fide* purchase for valuable consideration without notice, is not responsive, but matter in avoidance.

3. *Purchase for valuable consideration, without notice; burden of proof.* When a defendant sets up a purchase for valuable consideration without notice, in defense of a bill to enforce a vendor's lien, the *onus* is on him to prove the payment of such consideration ; but he is not required to disprove notice, when the deeds recite the payment of the purchase-money.

4. *Exhibits to answer.*—When exhibits to the answer are therein referred to as part and parcel of it, and the cause is heard on bill and answer only, it will be presumed that the exhibits were proved *viva voce* ·on the hearing.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 22d January, 1878, by John J. Wynn, against George W. Rosette and Charles B. Taliaferro ; and sought to enforce an alleged vendor's lien on land for the unpaid purchase-money. The material facts, as alleged in the bill, were these : "Early in the year 1874," complainant, being seized and possessed of a tract of land in said county, particularly described, "sold and conveyed said lands to one Britain M. Ware, making to him a deed for the

same, and conveying to him the legal title; and said Ware executed to complainant his promissory notes for $2,000, for the purchase-money of said lands." "Shortly before the 20th January, 1875, said Ware informed complainant that he was not able to pay for said lands; and thereupon said Ware and complainant agreed to cancel their said trade." On the 20th January, 1875, in Columbus, Georgia, complainant "bargained, sold and negotiated said lands to George W. Rosette, on the following terms: Rosette agreed to sell and convey to your orator a tract of land in Georgia, valued at $1,000, and his four notes for $250 each, for said lands; and said trade was thereupon consummated between them, the said Rosette making a deed to complainant to said land in Georgia, as he agreed to do, and executing his four promissory notes, each for $250." One of these notes, it was alleged, had been paid and destroyed, and copies of the others were made exhibits to the bill. "Simply and alone to avoid expense, said Britain M. Ware made a deed directly to said Rosette, conveying to him the legal title to said lands; which was done at the request of complainant and said Rosette. Said four notes of said Rosette were, by some mistake or inadvertence, made payable to said B. M. Ware or bearer, instead of being made payable to your orator, who, being unable to read without spectacles, did not observe the mistake until some time afterwards. Rosette immediately delivered said notes to your orator, and said Ware, at the request of your orator, afterwards assigned and transferred said notes to him, by assignment made upon the back of each of said notes; and your orator is now, and has been since their execution, the sole owner of said notes. On said 20th January, 1875, your orator cancelled and surrendered to said Ware the said notes for $2,000, which he had given for the purchase-money of said land, and the said trade between them was then and there cancelled, the legal title to said lands being conveyed by said Ware to said Rosette, and said Ware now has no title or claim on said lands; and said Rosette took possession of said lands on said last-mentioned day. Said three notes, copied in 'Exhibit A,' are still unpaid. One Charles B. Taliaferro claims some interest in the subject of this bill, and he is made a defendant hereto. Both of said defendants, said Rosette and said Taliaferro, reside without the limits of the State of Alabama, in Muscogee county, Georgia, and they are each over the age of twenty-one years." On these allegations, the bill prayed a decree declaring a vendor's lien on the lands for the unpaid notes, a sale of the lands for its satisfaction, and general relief.

Answers on oath being required, separate answers were

filed by the defendants, each under oath. Rosette denied that he had bought the land from the complainant, and thus stated the contract by which he acquired it: "It is true that this respondent wanted to buy said land, and said Britain M. Ware agreed to sell it to this respondent, if he would take up said Ware's notes to complainant for $2,000; and respondent then went, bargained and agreed with said complainant, to trade 320 acres of land in Chattahoochee county, Georgia, and to give his four promissory notes, for $250 each, for said Ware's notes; which trade was consummated, by this defendant making a deed to complainant for said 320 acres of land, and giving his four notes for $250 each; and complainant then delivered up said Ware's notes, and said Ware afterwards deeded said land to this defendant, on 19th January, 1875. Complainant did not negotiate said land to this defendant, nor did he have any title to it; nor did he have anything to do with the trade between this defendant and said Ware, nor was he present, nor did he know the terms of the contract between this defendant and said Ware, but was fully paid off and discharged of his claims on said Ware, and on the lands described in the bill. Complainant held said 320 acres of land in Georgia, collected one of said notes for $250, and recovered a judgment in Muscogee county, Georgia, on another one of said notes. Defendant denies that said deed from Ware was made to him to save expenses, and says that he and said Ware had made a trade directly between themselves, to which complainant was not a party, and with which he had no connection. This defendant purchased from complainant said Ware's notes for $2,000, as aforesaid, and then bought said land from said Ware, for the $2,000 notes." "Charles B. Taliaferro, defendant in this suit, does claim an interest in said land, by fee-simple title from this respondent, dated June 12th, 1876, and by payment of $500 cash in purchase of it, without any knowledge of the prior transactions concerning said land; and this respondent assured said Taliaferro that his titles were good, and free of all incumbrance, as he believes them to be."

The material parts of Taliaferro's answer are contained in the following statements: "This defendant does claim an interest, a fee-simple title to said land, by virtue of a sale made to him by one George W. Rosette, and a deed to this defendant, on the 12th June, 1876, for the sum and consideration of $500 cash paid for it; also evidenced by deed from said Rosette to this defendant, a copy of which is hereunto attached, marked 'Exhibit C,' and made part of this answer, with leave of reference thereto. This defendant knew of no lien of purchase-money due to complainant, nor to said Ware,

nor of any judgment, mortgage, note, or other incumbrance whatsoever, but bought it *bona fide*, for a valuable consideration of $500, and without notice, or any reasonable grounds to suspect of anything being due to complainant, or to any one else, in law or in equity."

The cause was submitted for hearing, on the part of the. complainant, "on the bill and exhibits thereto, three notes for $250 each, and on the answer of said defendant Rosette"; on behalf of the defendant Taliaferro, "on his answer"; and on behalf of Rosette, "on his answer." The chancellor dismissed the bill, but without assigning any reason for his decision; and his decree is now assigned as error by the complainant below.

HOOPERS, WADDELL, and J. M. RUSSELL, for appellant.

L. W. MARTIN, *contra*.

SOMERVILLE, J.—This cause was submitted to the chancellor for hearing, on bill and answers, without testimony; the answers being under oath, as required by the bill. In such cases, whatever may have been the former practice on the subject, the statute now provides, that the answers must be taken as true, only "so far as they are *responsive* to the allegations of the bill." It is otherwise, however, where the complainant has waived the oath of the defendant to the answer.—Code (1876), § 3786. And as to matter which is not responsive, and is introduced by way of defense, and in avoidance of the case made by the bill, the answer is not to be esteemed as evidence.—*Frazer v. Lee*, 42 Ala. 25 ; *Keiffer & Wife v. Barney*, 31 Ala. 192.

The answer of Taliaferro sets up the defense on his part of being a *bona fide* purchaser of the lands in question, for a valuable consideration, without notice. If the complainant's bill had been so framed, in its allegations and interrogatories, as that the answer was responsive to them in this particular, it would be taken as true, without other proof than the defendant's own oath, as was the case in *Fenno v. Sayre*, 3 Ala. 458 ; 2 Lead. Cases in Eq. 124. But such is not the case. The bill only charges that Taliaferro claimed an interest in the land, the nature and character of which are not defined. The defense which he sets up, therefore, advances an affirmative proposition, not responsive to the bill, but in avoidance of the case made by it. The rules of pleading devolved on him the burden of proving that he was a purchaser for a valuable consideration. He was not bound, however, to go further, and prove negatively that he had no notice at

[Grimmet v. Henderson's Adm'r.]

the time of the purchase. The deed of conveyance from Ware to Rosette, and the one from Rosette to Taliaferro, each recite the payment of the purchase-money; and this would shift on complainant the burden of proving that Taliaferro had notice of the equity claimed by him as the original vendor.—*Buford v. McCormick*, 57 Ala. 428; 2 Lead. Cases in Equity (Hare & Wall.), 125; *Boone v. Chiles*, 10 Peters, 177.

We think the answer of Taliaferro contained averments sufficient to have constituted him a *bona fide* purchaser for value, without notice; and they are made with proper accuracy, and without equivocation. The purchase-money is alleged to have been "five hundred dollars, *cash* paid"; and the deed, reciting its receipt on the date of the instrument, is made an exhibit, and prayed to be made a part of his answer; and he denies all notice of complainant's equity, up to the day of the commencement of the suit.—*Craft v. Russell*, at the present term; 1 Brick. Dig. 718, § 1134, cases cited.

In submitting the cause, it was unnecessary to offer the exhibits to Taliaferro's answer, as separate and distinct testimony from the answer itself. They were so referred to as to constitute part and parcel of the answer itself; and it must be presumed that they were proved *viva voce*, though the fact is not stated in the record.—Rule 17, Chancery Practice; *Pierce v. Prude*, 3 Ala. 65; 1 Brick. Dig. 749, §§ 1624, 1627.

The chancellor, under this view of the case, erred in dismissing complainant's bill; and his decree is reversed, and the cause remanded.