# Barton v. Barton.

*Bill in Equity for Reformation of Conveyance of Land.*

1. *Bona fide purchase; proof of.*—The rule as to proof of *bona fide* purchase is, that the party pleading it must first make satisfactory proof of purchase and payment, it being affirmative defensive matter, in the nature of confession and avoidance; but this done, he need not go further, and prove that he made such purchase and payment without notice. The burden here shifts, and if it be desired to avoid the effect of such purchase and payment, it must be met by counter proof that before the payment the purchaser had actual or constructive notice of the equity or lien asserted, or of some fact or circumstance, which was sufficient to put him on inquiry, and which, if followed up, would have discovered the equity or incumbrance.

2. *Sworn answer to bill in equity; when not evidence*—An answer to a bill in equity, though sworn to, is worthless as evidence, in so far as it sets up independent matter—matter not responsive to any averment in the bill.

3. *Judgment; no evidence of debt, as against strangers.*—The recovery of a judgment founded on a debt is evidence of the existence of the debt only as against the defendant in the judgment, and those coming subsequently into privity with him; as against strangers, the recovery establishes nothing.

APPEAL from Macon Chancery Court.

Heard before Hon. N. S. GRAHAM.

This was a bill in equity, exhibited by John K. Barton and

[Barton v. Barton.]

Clara J. Barton against A. A. Barton, the husband of the said Clara J. Barton, and A. P. Lockard, seeking the reformation of a conveyance of land executed by A. A. Barton to John K. Barton, as trustee for Clara J. Barton, so as to correct an alleged misdescription in the land intended to have been conveyed. The facts disclosed by the record are sufficiently stated in the opinion.

On the hearing, had on pleadings and proof, the chancellor was of the opinion that the complainants were not entitled to relief, and caused a decree to be entered, dismissing the bill; and that decree is here assigned as error.

S. B. PAINE and W. C. BREWER, for appellants, cited *Wynn v. Rosette*, 66 Ala. 520; *Craft v. Russell*, 67 Ala. 9; *Hooper v. Strahan*, 71 Ala. 75.

R. H. ABERCROMBIE and J. A. BILBRO, *contra*, cited *Henderson v. Henderson*, 67 Ala. 519; *Fash v. Ravesees*, 32 Ala. 451; *Saffold v. Wade*, 51 Ala. 214; *Thames v. Rembert*, 63 Ala. 561.

STONE, J.—We will first consider this case in its primary aspect—as an application by Mrs. Clara J. Barton and her trustee to correct a mistake, alleged to have been committed in the draught of a deed, made for her benefit on 21st September, 1866, by A. A. Barton, her husband. We say, we will first consider this, as a question between Mrs. Barton and her husband, without reference to any other claimant.

The bill alleges that the lands were purchased by A. A. Barton, title taken to himself, but paid for with moneys, the statutory separate estate of his wife, given to her after 1848 by her father, Isaac Ross. The lands so purchased, and conveyed to A. A. Barton, are the south half of section 6, and the west half of section 7, township 15, range 23, in Macon county, Alabama. Reciting these facts, the deed from A. A. Barton to John K. Barton, trustee for Clara J. Barton, conveyed lands corresponding in section and township numbers with those above, but describing them as in range 22. The bill then avers that the intention was to convey the identical lands that were purchased by, and conveyed to A. A. Barton, described above, and that by mistake, they were described as in range 22, when it should have been range 23, their true number. The prayer is, that the deed be reformed, so as to describe truly the lands sold and intended to be conveyed. The testimony substantially proves all the foregoing averments of the bill, and, as between Mrs. Barton and her husband, entitles her to relief. The record, in the probate office, corresponds with the numbers expressed in the deed.

26

[Barton v. Barton.]

The defendant, A. P. Lockard, pleads in bar of the relief prayed, that he, without any notice that there had been any mistake in Barton's conveyance, purchased the same lands in good faith, at a sheriff's sale made under execution in his own favor, paid the purchase-money, and received the sheriff's conveyance, conveying to him all the right and title of the said A. A. Barton in said lands; and he thus claims that he is a *bona fide* purchaser, without notice of Mrs. Barton's equity. We need not, and do not consider the sufficiency of this plea as pleaded.

The rule as to proof of *bona fide* purchase is, that the party pleading it must first make satisfactory proof of purchase and payment. This is affirmative, defensive matter, in the nature of confession and avoidance, and the burden of proving it rests on him who asserts it. *Ei incumbit probatio, qui dicit.* This done, he need not go further, and prove he made such purchase and payment without notice. The burden here shifts, and if it be desired to avoid the effect of such purchase and payment, it must be met by counter proof, that, before the payment, the purchaser had actual or constructive notice of the equity or lien asserted, or, of some fact or circumstance, sufficient to put him on inquiry, which, if followed up, would discover the equity or incumbrance.—*Craft v. Russell*, 67 Ala. 9, which collects the authorities: *Taylor v. A. & M. Asso.*, 68 Ala. 229; *Cresswell v. Jones, Ib.* 420.

Has Lockard proved the truth of his plea, that he had purchased, and paid the purchase-money? The only testimony he offered in support of it, as noted, or found in the record, was the answers to the bill, the sheriff's deed, and a memorandum from the sheriff's docket, in which the sheriff set forth that he had advertised and sold, and how he had applied the purchase-money. The answer, though sworn to, not being responsive to any averment in the bill, so far as this question is concerned, was the assertion of independent matter, of the truth of which it was worthless as evidence.—*Rembert v. Brown*, 17 Ala. 667; *Wynn v. Rosette*, 66 Ala. 517.

The defendant, Lockard, offered no proof, as against Mrs. Barton, that he was a purchaser. If he had shown a judgment against A. A. Barton, execution upon it, and sheriff's sale and conveyance under it, all by a certified transcript of the proceedings, this would have furnished evidence of a debt due from A. A. Barton, against no one in the world except himself, and those coming subsequently into privity with him. As against strangers to that recovery—and all are strangers except parties to the record, and those coming in subsequently by purchase, or succession,—the recovery established nothing. The fact remained to be proved, as any other material fact must be proved.

[Alley v. Daniel.]

*Lee v. Campbell*, 61 Ala. 12; *Walker v. Elledge*, 65 Ala. 51; *Carver v. Eads*, *Ib.* 190. So, there is an entire failure of proof that Lockard stands in the relation of purchaser, and his plea must fail on that ground.

The result of what we have said is, that the complainant is entitled to the relief she prays. It is therefore ordered and decreed that the decree of the chancellor be, and is hereby reversed; and this court, proceeding to render the decree the chancellor should have rendered, doth order and decree that the deed from A. A. Barton to John K. Barton, trustee for Clara J. Barton, bearing date September 21st, 1866,—the same attached as "Exhibit A" to the original bill in this cause—be reformed and corrected by striking out twenty-two where it occurs in the deed, as descriptive of the range, and inserting, by interlineation, in lieu thereof, the words "twenty-three;" and the register is charged with the execution of this duty. And he will note on the margin that the alteration is made pursuant to the order of court, and sign the same officially.

And the appointment of Ross Barton, as trustee in said deed, instead of John K. Barton resigned, is hereby approved and confirmed.

Let the costs of the original suit be paid, one half by the complainants, and the other half by defendant A. P. Lockard; the costs of appeal in this court and the court below, to be paid by A. P. Lockard.

Reversed and rendered.