## ADM'R OF REYNOLDS v. PHARR & BECK.

1. A formal answer, putting in issue the allegations of the bill, is not within the rule requiring proof of the allegations of the bill, by two witnesses.
2. Proof by one, that he had a judgment against an individual for ten years, and had used all diligence to recover it, without being able to do so, raises the presumption of his insolvency.
3. The objection cannot be made in this court, for the first time, that a release of errors, which the Chancellor required, was not executed, or that a record made an exhibit to the bill, was not appended to the bill. If the objection is not made in the court below, it will be considered as waived.
4. Objections to testimony, and all other matters relating to the taking of the account, must be taken by exception to the Master's report; an objection by way of protestation, when cross interrogatories are filed, not further acted on, raises no question in this court.
5. Although testimony is taken before the cause is at issue, the irregularity may be waived by the subsequent conduct of the parties; and a consent that the Register may proceed to state the account, will be held to be a waiver.
6. When an administrator was made a party, at the trial term, and does not ask for a continuance, or object to a decree then being made, he will be presumed to have consented to it.

Error to the Chancery Court of Talladega.

Morris, for plaintiff in error.
W. P. Chilton, contra.

ORMOND, J —The bill was filed to enjoin a judgment at law, and for an account, alledging the insolvency of the plaintiff in the judgment at law. The defendant in Chancery having died, his administrator, by consent, was made a party, and filed a formal answer, putting the allegations of the bill in issue. This was not such an answer as required the plaintiff to sustain the allegations of the bill, by the proof of two witnesses.

The facts proved by Saltmarsh, were, we think, sufficient, *prima facie* at least, to establish the insolvency of Reynolds.

They were, that he had a judgment against him for $100, for two years, and had used all diligence to recover it, without being able to do so; and was not aware that his pecuniary circumstances had been in any manner improved. The proof of such facts as these, raised the presumption of insolvency, and is much more satisfactory than any proof of reputation of facts, or circumstances, which might be sufficient to raise such a presumption. [Lawson v. Orear, 7 Ala. Rep. 784.]

It was not necessary to establish by proof, that there had been a release of errors. The injunction could not have been issued but upon this condition; and if no such release had in point of fact been made, it should have been the subject of a motion for the dissolution of the injunction, if the objection can be made at any time.

The objection cannot be taken in this court, that the proceedings at law, which the bill professes to make an exhibit, were not in fact appended to the bill. No objection having been made in the court below, it must be considered as waived.

No objection can now be made as to the amount of money received by the defendant. All such inquiries are foreclosed by the report of the Master, ascertaining the sum in his hands, of which report the defendant had notice, to which he did not except, and which was confirmed by the court. The same remark applies to the regularity of taking the depositions, to their being opened by the Register and to the regularity of the interrogatories. All these are matters of exception, which, if not taken while the report is in progress, or to its confirmation, cannot for the first time be raised in this court. To entitle the party to raise them here, they must be made in the court below, otherwise they will be considered as waived. An objection by way of protestation, when cross interrogatories are filed, not further acted on, is not sufficient. [Kirkman's v. Vanlier, 7 Ala. Rep. 217.]

The defendant, Reynolds, never answered the bill, but relied on a demurrer, which the Chancellor sustained. to the bill, which decree was reversed by this court, and the cause remanded. Subsequently, at the November term, 1842, an order was made, and the cause continued, with leave to take

testimony. And a commission issued, to which cross interrogatories were filed, and depositions taken.

At December term, 1843, the defendant's solicitor moved the court to dismiss the cause for want of prosecution, but on the suggestion of the complainant's solicitor, of the complainant's death, the cause was continued, with leave to make his representative a party, by *scire facias*.

On the 10th February, 1845, Solomon Spence produced his letters of administration, to the Register, and the suit was revived in his name, he consenting that the Master should proceed to state the account.

At the succeeding term of the court, the bill was taken *pro confesso*, as to *Reynolds*, and the Master directed to report, which was made during the term and continued.

At the ensuing term, the judgment *pro confesso* against Reynolds was set aside, having been made by mistake against him, instead of Spence, and entered correctly *nunc pro tunc;* and thereupon, as Spence had gone out of office, by consent, Easly, his successor, was substituted in his place, and agreed to be considered as having answered the bill, requiring proof of the allegations, and thereupon the Chancellor proceeded to make his decree.

It is now objected, that when the commission issued, and the depositions were taken, the cause was not at issue, the defendant, Reynolds, not having filed his answer, and the cause then standing upon demurrer to the bill. Conceding this to be an irregularity, we think it was waived by the subsequent conduct of the parties.

It appears, that by consent of the parties a bill of revivor was waived, and it was agreed that the administrator of Reynolds might be made a party by *scire facias*. Spence, the administrator of Reynolds, comes in and makes himself a party, and consents that the Register may proceed to state an account. As the depositions were then taken, this can be understood in no other light, than a waiver of the mode of taking the testimony, and when the account was taken, the counsel for the defendant having notice thereof, as appears from the decree of the Chancellor, took no exception to the depositions, or to the account as stated. Under these cir-

cumstances, we think he must be held to have waived this objection, and cannot now raise it in this court.

The fact that Easly was not made a party, until the trial term, is no objection to the decree.  He does not ask for a continuance, or object to the court then making a decree; it is therefore to be presumed that he consented to it.  The decree *pro confesso* against Reynolds, is shown to be a clerical *misprision*, and was properly amended.

Upon the whole, although there appears to have been an utter disregard of form, or method, on both sides, during this whole proceeding, we do not perceive that there is any error of which the defendant can avail himself in this court.  Let the decree be affirmed.