# Rosette *v.* Wynn.

*Bill in Equity to enforce Vendor's Lien on Land for unpaid Purchase money.*

1. *When purchaser of land not a bona fide purchaser without notice.*—If a purchaser of land is sufficiently informed to put him on inquiry, and that inquiry, if followed up, would lead him to the knowledge that there is a vendor's lien on the land for unpaid purchase-money owing by his vendor, he is not a purchaser without notice, and is not entitled to protection against the asserted lien.

2. *What not proper part of transcript on appeal.*—The opinion of this court on former appeal is not a proper part of the transcript on a subsequent appeal; and if included in the transcript, no costs will be allowed for it.

APPEAL from Russell Chancery Court.

Heard before Hon JOHN A. FOSTER.

This was a bill in equity by John J. Wynn against George W. Rosette and Charles B. Taliaferro, to enforce a vendor's lien on land for unpaid purchase-money; the said Taliaferro having been made a party as a subsequent purchaser of the land, charged with notice of complainant's lien. This cause was before this court at a former term, and is reported. See *Wynn v. Rosette*, 66 Ala. 517, where the averments of the bill and the nature of complainant's claim are stated at length. As the questions decided on this appeal are merely questions of fact, it would serve no good purpose to here repeat the averments

[Rosette v. Wynn.]

of the bill, or to set out the facts disclosed by the evidence. A decree was entered in the court below, granting relief to the complainant; and that decree is here assigned as error.

A. A. DOZIER and CLOPTON, HERBERT & CHAMBERS, for appellants.

GEO. D. HOOPER and JAMES M. RUSSELL, *contra*.

STONE, J.—Only questions of fact are presented by this record. The testimony is neither as full, nor as clear as, it would seem, it might have been made. Rosette and Taliaferro are each brief in' their statements, and furnish few details. It is left somewhat in doubt whether Wynn or Ware was Rosette's vendor. We incline to the belief the transaction was tripartite, and that by agreement, in which the three concurred, Rosette was substituted for Ware as the purchaser. The fact that Rosette's notes are made payable to Ware, is not very consistent with the assertion that he, Rosette, first purchased Ware's notes from Wynn, and then purchased the land from Ware, paying for it with Ware's notes, so purchased from Wynn. We think there is a substantial conformity of the proof to the allegations of the bill, in the matter of the making of the contract of sale.

The chancellor found, as fact, that when Taliaferro purchased from Rosette, he was sufficiently informed, to put him on inquiry, which, if followed up, would have led to knowledge of Wynn's claim, and the nature and extent of it.—*Johnson v. Thweatt*, 18 Ala. 741; *Dudley v. Witter*, 46 Ala. 664. Looking into the testimony, we are not only not clearly convinced the chancellor erred in thus finding, but we are inclined to the same conclusion attained by him.—*Rather v. Young*, 56 Ala. 94; *Bryan v. Hendrix*, 57 Ala. 387; *Noe's Ex'r v. Garner's Adm'r*, 70 Ala. 443.

This case has heretofore been in this court, but on different questions.— *Wynn v. Rosette*, 66 Ala. 517. We find the opinion of this court, delivered on that appeal, copied in this transcript. No costs will be allowed the register for the copy of that opinion, as it is no proper part of the transcript on this appeal.

Affirmed.