# House, *et al. v.* Davis, *et al.*

### Bill to Enforce Vendor's Lien Subject to Mortgage.

(Decided April 13, 1916.   71 South. 685.)

1. **Vendor and Purchaser; Lien; Bill to Enforce.**—Since the proceedings would not affect his title, the mortgagee was not a necessary party to a bill to perfect and enforce a vendors' lien subject to his mortgage.

2. **Same; Bona Fide; Rights of.**—A bona fide purchaser for value and without notice will be protected pro tanto to the extent that he pays before notice of a latent equity.

3. **Same; Lien; Bill.**—Where the bill sought the perfection of a vendor's lien, it was not demurrable though it showed that complainant's vendee had sold the land to another, where it did not show or admit that the last grantee was a bona fide purchaser for value, and without notice, or that he had paid any of the consideration, or had assumed irrevocable obligation.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Bill by C. M. Davis and another, against F. M. House and others, to enforce a vendor's lien. From a decree overruling demurrers to the bill respondents appeal. Affirmed.

SAMUEL W. TATE, for appellant.   BLACKWELL, AGEE & BIRR, for appellee.

McCLELLAN, J.—(1) The appellees filed the bill against the appellants to have declared and enforced a vendor's lien, sub-

ject to prior mortgage to Annie G. Luttrell on the land. Obviously, the mortgagee is not a necessary party to the cause set forth in, and the relief sought by, this bill. If the court should grant the relief sought, and a sale of the land should be appropriately ordered and effected, the purchaser at the sale would acquire no right or title superior, but subordinate, to the lien of the mortgagee.

(2, 3) It is established in this state that an innocent, bona fide purchaser of land will be protected to the extent pro tanto he pays before notice of a latent equity.—*Florence Mach. Co. v. Zeigler*, 58 Ala. 221, 224, 225; *Craft v. Russell*, 67 Ala. 9, 12. Appellees' vendee, House, sold and conveyed the land to Peters "at and for the sum of $1,000.00, payable as follows: $400.00 at one year after date (about January 1, 1916); $400.00 at two years after date; and $200.00 at three years after date." The bill does not show or admit that Peters was bona fide purchaser for value and without notice. According to the dealing between House and Peters, disclosed by the averments of the bill, Peters had paid or parted with nothing of value at the time the bill was filed, viz., July 5, 1915. Whether Peters executed or assumed irrecable obligations in or about his purchase from House before notice of the equity asserted by appellees is a question not capable of being raised or decided at this stage without assuming the existence of allegations not present in this bill.

The court correctly overruled the demurrer.
Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.