(107 So. 863)

## GEORGIA LOAN & TRUST CO. v. BUTLER et al. (6 Div. 965.)

(Supreme Court of Alabama. Jan. 14, 1926. Rehearing Denied April 8, 1926.)

1. Mortgages ☞154(4)—Vendor and purchaser ☞231(9)—Deed, not recorded in county where land situated, is inoperative against bona fide purchasers or mortgagees from grantor without notice (Code 1923, §§ 6859, 6887).

A deed, not recorded in county where land is situated, as required by Code 1923, § 6859, is inoperative, under section 6887, as against bona fide purchasers or mortgagees from grantor without notice.

2. Mortgages ☞186(2)—Mortgagee, to maintain claim of bona fide mortgagee without notice of unrecorded deed, must aver consideration for mortgage, and that he parted with it without notice of deed.

A mortgagee, to maintain claim of a bona fide mortgagee without notice of an unrecorded deed, must aver in pleading consideration for his mortgage, and that he parted with it without notice in fact of prior deed.

3. Mortgages ☞186(3)—Burden is on alleged bona fide mortgagee, without notice of unrecorded deed, to prove consideration of mortgage, then burden shifts to holder under unrecorded deed to prove notice.

In suit between mortgagee and holders of prior unrecorded deed, burden is on mortgagee to first prove consideration of his mortgage; then the burden shifts to holder under unrecorded conveyance to prove notice.

4. Evidence ☞353(5)—Recitals in mortgage given by husband after death of wife to whom land had been conveyed, but deed not recorded, are not evidence of a valuable consideration as against wife's children.

Where husband conveyed lands to wife, but deed was not recorded in county where land was situated, mere recitals in mortgage given by husband after death of wife are not evidence of valuable consideration as against wife's children contesting claim of alleged bona fide mortgagee without notice of unrecorded deed.

5. Mortgages ☞186(5).

Where mortgagee, claiming to be a bona fide mortgagee without notice of unrecorded deed, offered mortgage, and foreclosure deed only, he failed to show valuable consideration for mortgage.

6. Mortgages ☞153.

Where mortgagee showed no valuable consideration for mortgage, question of notice of prior deed did not arise.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill in equity by R. D. Butler and others against the Georgia Loan & Trust Company and others. From a decree for complainants, the named respondent appeals. Affirmed.

F. E. St. John, of Cullman, for appellant.

In order for the recording of a conveyance to be notice it must be recorded in the county where the land lies. Burnett v. Roman, 68 So. 353, 192 Ala. 188.

Ward, Nash & Fendley, of Oneonta, for appellees.

Counsel discuss the questions raised and treated, but without citing authorities.

BOULDIN, J. The bill is filed for the sale of lands for division among tenants in common.

Complainant R. D. Butler claims title in himself, brother, and sister by inheritance from their mother, Nancy Butler, deceased. Georgia Loan & Trust Company is made party respondent as claimant of an interest in the land. The claim of this company is the litigated issue in the case.

Daniel Butler, father of the Butler children, executed a deed to Nancy Butler, his wife, conveying 80 acres of land, one 40 situated in Blount county, and the other in St. Clair. The deed was recorded in Blount county, but not in St. Clair.

After the death of Nancy Butler, Daniel Butler executed a mortgage on the lands to the Loan & Trust Company, which was duly recorded in both counties, and later foreclosed under power of sale and the deed recorded. The company claims the 40 acres of land in St. Clair county under its mortgage and deed. The bill was filed after Daniel Butler's death. Conveyances of real property must be recorded in the county in which the same is situated. Code, § 6859.

[1] The deed to Nancy Butler, not being recorded in St. Clair county, was inoperative as to the lands in that county against bona fide purchasers or mortgagees from Daniel Butler without notice. Code, § 6887; Burnett v. Roman, 68 So. 353, 192 Ala. 188; Langley v. Pulliam, 50 So. 365, 162 Ala. 142.

[2-6] To maintain the claim of a bona fide mortgagee without notice of an unrecorded deed, the mortgagee must aver in pleading the consideration for his mortgage, and that he parted with it without notice in fact of the prior deed. The answer of defendant sufficiently avers a contemporaneous loan of money to Daniel Butler, but is entirely silent on the question of notice. When it comes to the evidence, the burden is on the mortgagee to first prove the consideration of his mortgage; then the burden shifts to the holder under the unrecorded conveyance to prove notice. Here the respondent offered the mortgage and foreclosure deed only. The mere recitals in the mortgage given by Daniel Butler after the death of Nancy Butler are not evidence of a valuable consideration as against her children. The respondent having shown no valuable consideration for the mortgage, the question of notice of the prior deed did not arise. Hodges v. Winston, 10 So. 535, 94 Ala. 576; Ely v. Pace, 35 So. 877, 139 Ala. 293.

It follows the decree denying the claim of the Georgia Loan & Trust Company was free from error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.