**BROOKS et al. v. CAPPS et al.    (6 Div. 960.)**

Supreme Court of Alabama.    Jan. 12, 1928.

Rehearing Denied April 5, 1928.

1. Homestead ⬅129(1)—Rights of mortgagee were within protection of recording statute if she was without actual knowledge of unrecorded instrument under which complainants claimed homestead (Code 1923, § 6887).

Where land was purchased by husband on unrecorded lease contract which required him

to assume two mortgages executed by his vendor's grantor and before completing installment payments which entitled him to a deed, he died while in possession of land, and his wife made final payments and deed was made to her, and she executed a new mortgage to refinance mortgages husband had assumed, rights of mortgagee as against homestead claim of purchaser's children under his lease contract were within protection of Code 1923, § 6887, if mortgagee at time of execution of refinancing mortgage was without notice of contract under which they claimed.

2. Homestead ⬅214—Complainants had burden to prove mortgagee's knowledge or notice when executing refinancing mortgage of unrecorded contract under which they claim homestead.

Where land was purchased by husband on unrecorded lease contract, and before completing installment payments entitling him to a deed he died and wife completed payments and deed was made to her and new mortgage was executed by her to refinance mortgages which husband had assumed, burden was on his children as complainants to prove knowledge by mortgagee of rights under such contract or claim of homestead thereunder.

3. Subrogation ⬅23(1)—Under mortgage refinancing purchase-money mortgage; mortgagee held subrogated to rights of prior mortgage.

Where land was purchased under lease contract under which purchaser assumed mortgages executed by his vendor's grantor, and on purchaser's death his wife completed payments and deed was made to her and she executed new mortgage to refinance mortgages husband had assumed, as against homestead claim of purchaser's children in premises, mortgagee in refinancing mortgage was subrogated to rights under the prior mortgages.

4. Homestead ⬅214—Complainants seeking cancellation of mortgage held not to have shown notice to mortgagee of unrecorded instrument under which they claimed.

Where land was purchased under lease contract in which purchaser assumed mortgages executed by his vendor's grantor and before completing installment payments purchaser died, and deed was subsequently made to his wife, who executed new mortgage to refinance mortgages husband assumed, in suit by children claiming homestead in land because of purchaser's possession, complainants held under evidence not to have sustained burden of proof to show mortgagee's knowledge at time mortgages were refinanced of possession of land by purchaser or claimants under claim of homestead.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Chester Brooks and others, minors suing by their next friend, C. E. Brooks, against Lottie Capps and others. From a decree dismissing the bill, complainants appeal. Affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The bill shows that complainants are the children of C. A. Brooks, deceased, and defendant Lottie Capps, who was the wife of said C. A. Brooks. The defendants are Lottie Capps, A. B. Bealle, and Maude M. Adler. It is shown that C. A. Brooks in 1919 entered into a lease sale contract with defendant A. B. Bealle, the then owner, for the sale by Bealle and purchase by Brooks of the real estate in suit, by the terms of which contract Brooks agreed to pay to Bealle $1,900 and to assume two mortgages for $1,600 executed by Eloise E. Bealle (A. B. Bealle's grantor) to Maude M. Adler; that $400 of the purchase price was paid in cash, the balance of $1,500 evidenced by notes payable monthly, it being stipulated by the contract that when Brooks had paid 17 of the notes (aggregating $680), Bealle would execute to him a warranty deed to the property, Brooks executing to Bealle a second mortgage for the balance due him and to make a first mortgage for $1,600 to refinance the mortgages from Eloise E. Bealle to Maude M. Adler; that Brooks went into possession under his contract and continued in possession until February, 1921, when he died, complainants, with their mother, remaining in possession until the latter part of 1922 or early part of 1923; that said Brooks at the time of his death had paid 15 of the $40 notes and, also, one of said mortgages for $600, after which, prior to March 1, 1921, respondent Lottie Capps paid the remaining two $40 notes to Bealle, receiving from him a warranty deed conveying the property to her, individually, and on April 5, 1921, executed to Maude M. Adler a first mortgage for $1,600, receiving in cash $600 (the only amount then due Maude M. Adler being $1,000), and executed a second mortgage to Bealle for balance of the purchase price; that thereupon the contract and notes executed by Brooks to Bealle were delivered up to Lottie Capps, the contract bearing an indorsement of forfeiture and cancellation. It is further shown by the bill that the real estate here involved was the only real estate owned by the father of complainants or in which he had any interest at the time of his death; that the value of his interest or equity therein was less than $2,000 and its area less than 160 acres; that the interest or equity of their father rested in complainants jointly with their mother, Lottie Capps' (then Brooks), as their homestead exemption under the statutes; that their father having a perfect equity in the real estate at the time of his death, complainants are entitled to have a trust declared therein for their undivided interest therein; that mortgages executed by defendant Lottie Capps (then Brooks) to defendants Adler and Bealle are void as to complainants. It is further shown that the mortgage from Lottie Capps (or Brooks) to defendant Adler is in process of foreclosure.

It is prayed that a trust be declared in the property in favor of complainants for their undivided interest; that the attempted forfeiture of their rights under the lease sale contract be set aside; and that the mortgages from Capps to Adler and Bealle be canceled in so far as complainants' interest is concerned. It is further prayed that if in equity complainants owe anything to either of the respondents, in connection with said mortgages, the amount be ascertained and complainants be allowed to redeem the property.

Graham Perdue, of Birmingham, for appellants.

Upon the death of C. A. Brooks, the wife was entitled to a life estate of the value of $2,000 in the homestead; the complainants being entitled thereafter to the fee. They could not be deprived of their rights by execution of deed to the wife and execution of mortgages by her. Tyler v. Jewett, 82 Ala. 93, 2 So. 905; Lester v. Stroud, 212 Ala. 635, 103 So. 692; Chavers v. Mayo, 202 Ala. 128, 79 So. 594; Baker v. Keith, 72 Ala. 121; Hames v. Irwin, 214 Ala. 422, 108 So. 253; Code 1923, § 7918. Conveyance by the wife, tenant for life, was effective only to pass her estate. Winters v. Powell, 180 Ala. 425, 61 So. 96. Where one is in possession of premises, a purchaser is charged with an implied notice of the nature of his title. Alexander v. Fountain, 195 Ala. 3, 70 So. 669; Pake v. Lindsey Mill Co., 208 Ala. 569, 94 So. 573. Section 6898 of the Code of 1923 does not change the rule as to what may be sufficient actual notice. Malone Motor Co. v. Green, 213 Ala. 635, 105 So. 897; City Nat. Bank v. Nelson, 214 Ala. 297, 107 So. 849. A constructive trust should be impressed upon the land in behalf of the complainants. 39 Cyc. 172.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee Adler.

The rights of the defendant Adler under her mortgages cannot be defeated by the complainants claiming under an unrecorded lease sale contract, in absence of actual knowledge on her part of the rights of complainants thereunder. Code 1923, § 6887.

THOMAS, J. The controverted question of fact is whether mortgagee had knowledge or notice of the existence of an unrecorded lease sale contract, and of the rights of complainants thereunder antedating the last mortgage to Mrs. Adler.

The bill by complainants had for its object the cancellation of Mrs. Adler's mortgage and that of respondent Bealle against the property. The property is worth more than $3,500; the mortgage of Mrs. Adler is $1,600; Brooks, or wife, paid $400 cash and certain installment payments of about $680. If the contention of complainants be sus-

tained, they would secure the property for the amount of $1,080.

[1] The rights of purchasers by conveyances, mortgages, etc., within the protection of the record statutes, as against unrecorded conveyances or contracts as to land, need not be repeated. Code, § 6887; Georgia Loan & Trust Co. v. Butler, 214 Ala. 390, 107 So. 863; Wiggins·v. Stewart Bros., 215 Ala. 9, 109 So. 101. The statute has effect in the absence of actual knowledge, or such as amounted thereto, for the lack of notice by the mortgagee, Mrs. Adler, of the rights of complainants under the terms of the lease sale contract.

[2, 3] The burden of the pleading is upon complainants of proceeding with the proof in the lower court as to knowledge or notice. This is imposed by law upon the complainants, the children of the only witness testifying to facts tending to show notice· or knowledge on the part of Mrs. Adler or her agent. No part of the $1,000 indebtedness, evidenced by the first mortgage (by Eloise Bealle), has been paid to Mrs. Adler. If the minors had any rights under the unrecorded lease made in favor of their father, this was subject to this first mortgage, that was carried into the last mortgage, at complainants' request and convenience, and to accomplish or consummate the purchase of the land from Bealle. These sums are protected under the equitable rule of subrogation (Woodruff v. Satterfield, 199 Ala. 477, 74 So. 948), in so far as they represented the purchase price, or the discharge of a lien as a part of the consideration or purchase price of the land (Cook v. Kelly, 200 Ala. 133, 75 So. 953; Gibson v. Gibson, 200 Ala. 591, 76 So. 949; Hampton v. Counts, 202 Ala. 331, 80 So. 413; McAllister v. Catchings, 210 Ala. 392, 98 So. 303; Hope of Ala. Lodge of Odd Fellows v. Chambless, 212 Ala. 444, 103 So. 54; Alabama Pub. Service Com. v. Mobile Gas ·Co., 213 Ala. 50, 104 So. 538).

[4] To a full determination of the matter presented, we may ·observe the tendencies of evidence alleged by appellants, as to notice or knowledge of the unrecorded lease sale contract by A. B. Bealle to C. A. Brooks, are (1) the possession of the premises by complainants' mother and her custody of a domicile with them on the land; (2) the check of A. C. Brooks used in the payment of the second mortgage of $600 to Mrs. Adler; and (3) the alleged conversations with Mrs. Adler ·pending the renewed and extended loan of $1,000, evidenced by the first mortgage, and the additional sum of $600, thus making the indebtedness to Mrs. Adler the same as originally existed between Mrs. Adler and Eloise E. Bealle. We consider the insistence in order presented by counsel. The first insistence as to the possession of A. C. Brooks is not sustained by the evidence that Mrs. or Mr. Adler ever visited the premises after A. C. Brooks went into possession, or during his life. It

is shown that Mr. Adler inspected the premises after Brooks' death and when Mrs. Brooks was applying to respondent for a first mortgage for $1,600 to "refinance the present mortgages" for that amount on the property, as agreed by Brooks with A. B. Bealle. This refinancing of the mortgages had the effect of releasing Bealle's mother from her obligations to Mrs. Adler. There is controversy as to the knowledge of Adler of said Brooks' contract that will be adverted to later.

Confining the present consideration to the possession of Mrs. Brooks, it was under a warranty deed from A. B. Bealle to her and consistent therewith. And the fact of the residence or domicile with.the mother of the minor complainants raised no contradictory presumption of notice other than that shown by Mrs. ·Brooks' warranty deed from A. B. Bealle, and this was the notice given by her to mortgagee, Adler, when she gave the mortgage for $1,600 to "refinance" the former mortgages and improve the property. There was an approved abstract of title showing this .conveyance.

The record fails to disclose how the Brooks' check for the $600 used in payment of the amount of the second mortgage reached Mrs. Adler. In the absence of more specific evidence, it is presumed to have been paid by her who was primarily liable, Mrs. Bealle, since the other evidence showed that the Adlers had no communication with Brooks before his death and did not know him. It was Mrs. Bealle's second mortgage that was thus paid to Adler, and not an obligation of Mr. Brooks. If not that of Mrs. Bealle, then the debt of her son, A. B. Bealle, who had theretofore obtained a deed to the property, subject to the said Adler mortgages. The indorsement and collection of the Brooks check by Mrs. Adler was about nine or ten months before the latter was approached by Mrs. Brooks for the "refinancing" of the mortgage indebtedness and for the new or additional loan of $600. This alone was not sufficient to provoke further inquiry than the disclosure of·the warranty deed from Bealle to Mrs. Brooks. And if further inquiry was made, or the incident of the check.was in fact remembered, it would have meant no more than that Brooks was acquiring title to the land from Bealle in the name of and for the benefit of his wife. This was the information or disclosure of the conveyance.

A woman, unlearned in the law, by the mere indorsement of the Brooks check, and nine months theretofore, was not required to deal with the property as that of the drawer of the check or otherwise than that of the property of Mrs. Brooks, as evidenced by her· warranty deed from Bealle.

And in the last place, Mrs. Brooks and her children have failed to convince the court· of the discharge of the burden of proof of actual notice given by. Mrs. Brooks when she

was negotiating the $600 loan of Mrs. Adler and refinancing the first mortgage. The lack of notice is specifically and positively asserted by Mr. and Mrs. Adler. And this issue of fact is in direct contradiction. The burden of the pleading was upon complainants, and the trial court held they had failed to meet such burden of proof imposed under the law and assumed by their pleadings. We are convinced the trial court was correct in this view and that the bill was properly dismissed in the court below. The ruling is in line with just and full payment for the property purchased and against the inequitable and unjust result that would defeat the purchase-money mortgages and effectuate acquisition of the property for a sum less than its real value.

It is a significant fact and in line with the ruling of the trial court that no such result was intended by Mr. Brooks when he agreed with Mr. A. B. Bealle to "execute to the party of the first part a second mortgage for the balance due the party of the first part, and make a first mortgage for $1,600 to refinance the present mortgages."

The view of the trial court, expressed by its order, renders unnecessary of consideration any estoppel that may be urged under the terms of the lease sale contract, had Adler been informed thereof, since by its terms A. C. Brooks assumed the obligation of refinancing the $1,600, or the consideration of subrogation as to the amount due and paid on purchase money, and the obligations assumed and respectively paid thereon by Mrs. Brooks.

The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.