(128 So. 170)

## LESLIE v. CLICK et al.

### 8 Div. 117.

Supreme Court of Alabama.

April 17, 1930.

Claud D. Scruggs, of Guntersville, for appellant.

John A. Lusk and D. Isbell, both of Guntersville, for appellees.

THOMAS, J.

The bill had for its purpose the removal of a cloud from real property in Marshall county. The answer and cross-bill asserted the validity of Miss Leslie's mortgage, and prayed foreclosure. This mortgage was immediately recorded in Madison county where a portion of the land lay, and was delayed in its record in Marshall county, where some of the land embraced in that conveyance was south of Paint Rock river. Between the time of record in the two counties, a conveyance of the Marshall county lands was effected by the grantor in the Leslie mortgage.

The system of recordation of written instruments of the class provided by our statute is set forth in section 6853, et seq., 1928 Code. And it is declared that the record in the proper office of a conveyance of property that is legally admitted to probate operates as constructive notice of the contents of such conveyance or instrument, etc. Section 6860, Code. This held to apply to all rights and title in lands as easements and restrictions running with the land. Malone v. Decatur Cotton Compress Co., 211 Ala. 522, 100 So.

807; Birmingham v. Graham, 202 Ala. 202, 79 So. 574.

In the recent decision in Wittmeir v. Leonard, 219 Ala. 314, 318, 122 So. 330, the authorities were collected and the announcement made that every word in a conveyance is presumed to have been used for some purpose and to have some effect, if it may be given effect under the context in which it is used; that a purchaser is chargeable with notice of what appears on the face of a conveyance in the chain of title to his lands; and that one having knowledge sufficient to put him on inquiry respecting an unrecorded mortgage is not a purchaser without notice. The excepting clause of the statute (Code § 6887) is: "Unless the same have been recorded [we interpolate where the land is situated. Georgia Loan & Trust Co. v. Butler, 214 Ala. 390 (107 So. 863)] before the accrual of the right of such purchasers, mortgagees, or judgment creditors."

The Ikards' mortgage to Miss Leslie (the respondent-complainant in the cross bill) contained the words: "The following described real estate lying and being in the County of Madison (and Marshall) in the State of Alabama," which was described by the government subdivisions as the eight-acre tract thereof, indicated as "lying on both sides of Paint Rock River;" and the fifteen acres indicated in Marshall county specifically declared to be on both sides of said Paint Rock river; and the forty-seven acres of irregular shape and boundary and described in the deed of J. P. Maples and wife to said Ed Ikard of date of September 21, 1912, filed for record in the office of the probate judge of said Madison county, to which deed reference is "made for a particular description," and being in "all 247 acres more or less." That conveyance was duly recorded in Madison county on February 28, 1918, and in Marshall county on March 30, 1921.

Thus were the grantees in the conveyance by said mortgagors (Ikards) to Joe and Ida Click, who purchased the whole tract, informed by the recitals of the conveyances that were embraced in the chain of title, and of the existence of the mortgage on the lands, in both counties, to Miss Leslie. Wittmeir v. Leonard, supra.

■ The bill and answer and cross-bill employ the descriptions of conveyance and those by government surveys and references to the river. Courts and citizens have judicial knowledge of water courses such as Paint Rock river. Kay & Son v. Ala. Cotton & Grain Co., 211 Ala. 454, 100 So. 863; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Snodgrass v. Snodgrass, 217 Ala. 128, 115 So. 21. And the questions of whether or not the immediate and subsequent purchasers had knowledge or notice or sufficient facts to put upon them the duty of a proper inquiry are presented by the pleadings and evidence.

The grantees of the whole tract from the Ikards were Joe and Ida Click, who conveyed the lands in Marshall county to Henry and Nannie Click; and it is averred they likewise had notice of cross-complainant's (Leslie's) claim or lien to said lands; that the latter executed to Joe and Ida Click a mortgage to secure the balance of purchase money, and on which it is averred and shown a substantial sum is still due. This last conveyance was executed on September 20, 1919, recorded on the 8th day of March, 1920, in Marshall county; thus did it antedate the record of the Leslie mortgage in Marshall county on the 30th day of March, 1921.

It is further alleged and also shown that Mary Leslie's mortgagors (Edd Ikard and Emma Ikard) executed to one John S. Ikard their mortgage on these lands (and other lands contained in the mortgage to cross-complainant); and there appears in the office of the judge of probate of Marshall county such a mortgage for $20,000 purported to be executed by the Ikards. The several persons above indicated as parties with an interest are made parties to the cross-bill, and respectively called upon to show "what lien, mortgage or incumbrance he has on any of said lands"; and the cross-bill prays that she (Mary Leslie) be declared to have a good and valid lien through her mortgage on the lands in Madison and Marshall counties; that, at the time of conveyance "of the land" described in the cross-bill by Edd Ikard and wife to Joe C. Click and Ida Click, the latter had notice of cross-complainant's mortgage, and that Henry C. and Nannie Click knew or had notice of cross-complainant's mortgage at the time of their purchase, and took the same subject to her said mortgage; that if Henry and Nannie Click purchased without knowledge or notice, that the decree require the balance due on the purchase price, subject to "the payment of the balance due on the mortgage of said Henry and Nannie Click to Joe Click," to the payment on cross-complainant's mortgage given by the Ikards. The further appropriate prayer is for a reference to ascertain the amount due on cross-complainant's mortgage, reasonable attorney's fees for services rendered in that behalf, and to ascertain priorities of all of said liens, and for sale of the lands to discharge the mortgage liens according to their priorities.

The conveyance of date of September 20, 1919, from Edd Ikard and wife to Joe C. and Ida Click describes the lands as lying in Madison and Marshall counties, and by surveyor's calls, distances, and physical objects, as trees designated by species, public road, indicated "a fence * * * along section line * * * cedar stake," and the further general description that it was the "same land conveyed to,

Edd Ikard by J. P. Maples and wife in the year 1912 and of record in Madison County, Alabama," and it was duly recorded in Marshall county before record of the Leslie mortgage.

Likewise, the conveyance from Joe and Ida Click to Henry and Nannie Click of date of February 12, 1920, was duly recorded on June 29, 1920, in Marshall county before the recordation of the Leslie mortgage in that county on March 30, 1921. And the mortgage securing the balance of purchase money from said Henry and Nannie Click to the said Joe and Ida Click of date of February 12, 1920, was recorded on January 5, 1921, before the recordation of Miss Leslie's mortgage. · The descriptions in the conveyance were by government numbers, calls of surveys, natural objects, etc. (The conveyance from Edd Ikard and wife for $20,000 to John Ikard was of date of October 11, 1921, and recorded in Madison county, October 11, 1921; Limestone county, October 19, 1921, and Marshall county, October 8, 1924.)

■■ There are three questions presented for decision by assignment of errors and argument of counsel. The objection to the taking of testimony before the cause was at issue for such purpose as to all the parties to the record. In this there was error. Ex parte Kelly (Ala. Sup.) 128 So. 443 ;[1] § 6580, Code. It was an irregularity that could and appears to have been waived by the objecting parties (Reynolds' Adm'r v. Pharr, 9 Ala. 560), in that the same did not specifically assign that action of the court as error in the note of testimony and assignment of errors in this court.

■ It is shown by the evidence that Henry Click and wife were due a large sum of $1,500 or $2,000 to Joe C. Click on the purchase from Joe and Ida Click of lands in Marshall county, and of these and other lands in Madison county, all of which lands were embraced in the superior mortgage of Ikard to Leslie, and which conveyance was duly executed and recorded in Madison county, still due and unpaid. And a part of that consideration was the past debt due by Ikard to Joe Click—the mortgage to Miss Leslie—of about $1,800 or $1,900. It follows that Joe Click was not a bona fide purchaser for value without notice; and that consideration to the extent indicated would intercept any superior right, if such he had, to the Marshall county land for failure of due or prompt record of the Leslie mortgage. As to the land he purchased in Madison, he had constructive notice, if not knowledge, or had notice of facts that amounted to sufficient notice, to put him on inquiry against all the lands embraced in Miss Leslie's mortgage. Wittmeir v. Leonard, 219 Ala. 314, 122 So. 330. It would appear on this phase of the case, under the cross-bill and evidence, that mortgagee Leslie was entitled to have the fund due by Henry Click to Joe Click subjected to the payment pro tanto of the mortgage due by Ikard and wife to Leslie.

■ A purchaser with sufficient information to stimulate inquiry which would lead to knowledge of adverse or hostile and superior claim or title, and fails therein, the injury is the result of his own folly—he is wanting in good faith, an indispensable element of a purchaser (for value) without notice—and a court of equity will not protect such reckless purchaser. Taylor v. A. & M. Ass'n, 68 Ala. 229, 240; Wittmeir v. Leonard, 219 Ala. 314, 319, 122 So. 330, and many authorities collected; Rosette v. Wynn, 73 Ala. 146; Center v. P. & M. Blank, 22 Ala. 743: Corbitt v. Clenny, 52 Ala. 480.

In Burch v. Carter, 44 A. ᵥ. 115, it was declared that a purchaser is chargeable with notice of everything that appears in the face of the deeds (conveyances we interpolate) in the chain of his title, though he is not bound to inquire into collateral circumstances. Attorney General v. Blackhouse, 17 Vesey, 282; 13 Enc. of Ev. pp. 908, 909.

■■ It is further shown by his own evidence that Joe Click canceled the pre-existing debt from Ikard, and was not a purchaser for value to such extent. And a bona fide purchaser for value without notice is protected to the extent or pro tanto for the sum of money he pays before notice of the equity or lien. House v. Davis, 196 Ala. 153, 71 So. 685. And witness Esslinger was asked:

"Mr. Esslinger, something was said by Joe Click in his testimony that the consideration for the execution by Edd Ikard and Emma Ikard to Joe Click and Ida Click of a deed recorded in Book 65 page 169 in the Probate office of Marshall County, Alabama, was the cancellation or satisfaction of a debt of $1,900.00 secured by a land mortgage of Edd Ikard and wife to Joe C. Click, upon land in Madison County; have you searched the records in Madison County for such a mortgage and if so, did you find it?"

The complainant objected to this question for the reason that it was illegal and incompetent, irrelevant and immaterial.

The witness answered as follows:

"I have searched the records and no such mortgage appears on the record,"—the proof of negative fact.

It follows that the consideration paid by Joe Click was an alleged existing indebtedness of about $1,900, and there was a balance due by Henry and Nannie Click to Joe and Ida Click. There was error in the refusal by the decree to give judgment to Mary Leslie for payment of her debt to the amount or funds Henry Click owed and evidenced by his mortgage to the Clicks. This should be required.

There is yet another question that is presented. The decree recites that the mere re-

[1] Post, p. 339.

cording of the Leslie mortgage in Madison county, without more, is not constructive notice to the world of the existence of the mortgage on lands in Marshall county. Do the record and evidence show more than a mere failure to record the Leslie mortgage in Marshall county after its recordation in Madison county? We have indicated the recitals of the several conveyances in complainant's chain of title.

Joe Click purchased of Ikard for $3,000 on the mere inquiry, he testified, "Was there anything against the land, any mortgage or lien of any kind?" to which the reply, "There wasn't anything against it, the Marshall County land," was made. This certainly was reasonably calculated to stir him to inquiry in Madison county, where the Leslie mortgage was recorded, and embraced the Marshall county lands. He admits he examined the Marshall county records, but not those in Madison county. He testified of the transactions of purchase, payment of cash, cancellation of antecedent debt, and examination of Madison county records, as follows:

"I had looked for them before that, Ed Ikard was present that time. We were looking to see whether Mary Leslie's mortgage was recorded before Henry Clicks deed, my recollection Ed remarked we have got her on the record. I sold to Henry Click and Nannie Click a part of those lands, on the Marshall side, I sold them in Jan. 1920 is my recollection, Jan. or Feb. It was in 1920 though, I sold to them the lands lying in Sec. 19. I got from Ikard and the South west fourth of the South west fourth of Section 17 that lies South of the River. Mr. Henry Click and Nannie Click were to give me $3500.00 for these lands. He paid me $500.00 cash. He executed to me a mortgage he and his wife for $3000.00 for the balance of the purchase price. I have that mortgage with me, this mortgage includes other lands than those I sold them, 120 acres more of other lands than I sold them. They have paid two or three other payments on this mortgage. I don't know exactly how much is still due on this mortgage. Since the mortgage was given I think he has paid three payments, I can't give the date. The first payment he made on the mortgage was $1000.00. I believe he paid it in check, no, he sold his cotton and paid cash. He paid me through Mr. U. D. Ellet, I don't remember the date of next payment, it was close to $500.00. The last payment it seems to me was around $400.00, I can't be positive." * * *

"I bought these lands from Mr. Ikard. Did I know he owed Miss Mary Leslie anything? I did not know he was pretty heavily involved at that time. I am not related to Mr. Ikard except through marriage, my wife is a first cousin of Mr. Ikard." * * *

"I had loaned him something like $1800.00 or $1900.00 and had a mortgage on some lands, I don't think the mortgage he gave me covered these lands. I don't think I had the mortgage recorded. I might have this mortgage now, I wouldn't be positive. In buying this land he paid me what he owed me, and I paid him the balance in money. It was a cash transaction, I believe I paid him a $1000.00 in money the day we traded I don't know how much the consideration is that we stated in the deed, I don't remember whether we stated the true consideration in the deed or not."

It is true he declared that he told Henry Click that so far as he "knew of" there was nothing against the land in Marshall county, or "something to that effect," and did not examine the record before he sold to Henry Click; that he had taken Mr. Ikard's word that "there wasn't anything against it."

The sale and purchase from Joe and Ida Click to Henry and Nannie Click was for a recited consideration of $3,500. And Henry Click testified he purchased the lands of Joe C. Click on the mere inquiry if there was anything against the Marshall county lands, and in the fall of 1926 learned of the Leslie mortgage. He (Henry Click) further testified:

"The consideration of $3500.00 is the true consideration of what I was supposed to pay for the land. I paid $500.00 cash when the deed was made and I executed the $3000.00 mortgage to Joe Click on the same day on the lands I had purchased from him and on 120 acres of other lands. The mortgage securing note for $3000.00 payable to Joe C. Click on Jan. 1st, 1921, with interest from date recorded in Book 55 of mortgages, page 306, in the Probate Office of Marshall County, Alabama, executed by Henry Click and Nannie Click in the mortgage I gave to secure the balance of the purchase price on the lands. I didn't owe him any other sum except that.

"I asked Joe when I bought the land if there was anything against it. I understood there wasn't. It was not my understanding when I bought it that there had been mortgages against it. I never examined any records or had them examined for me either in Marshall County or Madison County. I asked Ed Ikard if there was anything against it I didn't ask him if he gave a mortgage against it and I didn't know at that time that Ed was getting in bad financial condition. I didn't know he owed John Ikard some money at that time, a $5000.00 and a $2000.00 mortgage. I didn't know it at that time. I just took a notion I would ask Ed Ikard and see him as the man that owned the land and I wanted to see about it.

"I didn't know that Ed Ikard had executed to John Ikard a mortgage on Dec. 31, 1918 for $5000.00 and one for $2000.00 on Dec. 29, 1919."

The deed and mortgage confined the conveyance and description to the Marshall county land. The immediate predecessor's deed—from Ikard to Joe C. Click—did not recite the

fact of the mortgage to Leslie, and that the conveyance was of lands in the two counties. Henry and Nannie Click were not charged with constructive notice of Ikard's mortgage to Leslie, and the record and evidence do not show that he had actual notice; and of this there is no fact shown to put upon them inquiry as to the Leslie mortgage. Brooks v. Capps, 217 Ala. 375, 115 So. 864; Georgia Loan & Trust Co. v. Butler, 214 Ala. 390, 107 So. 863; Griffin v. Karter, 116 Ala. 160, 22 So. 484; Huntsville Groc. Co. v. Johnson, 13 Ala. App. 488, 69 So. 967.

The witness Esslenger testified that Ida Click is the wife of Joe Click, and they are first cousins of Edd Ikard, and Ida Ikard is a sister of John S. Ikard; and that John and Edd Ikard are first cousins and have been intimate in their business relations for about twelve years. Whatever the relations of the parties in the transactions, it is clear that the foregoing equity of Miss Leslie has been overlooked in the decree.

The decree of the circuit court is reversed, and cause remanded that a decree may be rendered for Miss Leslie to the effect that her mortgage be first foreclosed on the Madison county lands, and, thereafter, that she may realize out of the sale of the Marshall county lands any balance due her on the Ikard mortgage; not, however, to exceed the balance due by Henry Click on the purchase-money mortgage to Joe Click. That is, Henry Click and his said Marshall county lands are protected as to the amounts he has paid Joe Click in cash and the sums paid on his mortgage.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

