Defendants, Bobby and Carolyn Taylor, appeal from the Elmore County Circuit Court's order reforming a deed and granting the requested injunctive relief. We affirm.
On February 14, 1977, Carl and Phyllis Kohler, plaintiffs below, deeded certain land to Julius and Deloma Price. This warranty deed, which was recorded in the office of the Judge of Probate of Elmore County, contained the following restriction: "This deed is made upon the condition that the property herein conveyed shall be used for permanent type residence purposes only." Due to an error in the description of the original deed, on December 20, 1977, a corrective deed was given from the Kohlers to the Prices. This corrective deed referred to the original deed and gave reference to its proper recording information; however, the corrective deed erroneously *Page 427 
omitted the restrictive covenant quoted above.
On August 22, 1978, the Prices deeded the property to the defendants, Bobby and Carolyn Taylor. The deed used by the Prices to convey the land to the Taylors, however, did not contain the restrictive covenant. Thereafter, the Taylors began making preparations to have ten mobile homes installed on the property. The Kohlers then filed suit and asked the Circuit Court of Elmore County to issue an injunction prohibiting the Taylors from continuing with their plans to install the mobile homes. In addition, plaintiffs requested that the court reform the corrective deed dated December 20, 1977, from them to the Prices, to include the erroneously omitted restrictive covenant. After the trial court issued its final decree granting the relief sought by the plaintiffs, the defendants appealed.
The issues presented for our review in this case are:
1. Did the trial court err in reforming the corrective deed to include the restrictive covenant?
2. Did the trial court err in granting the injunctive relief requested by plaintiffs?
Before addressing these issues, we note that this case was presented to the trial court sitting without a jury. We were presented a similar case in Curtis White Construction Co. v.Butts Billingsley Construction Co., 473 So.2d 1040 (Ala. 1985), where we stated:
 The plaintiff on appeal recognizes that it has a heavy burden when it seeks reversal of an order on the ground that the decision is not supported by the evidence. It is the function of the trial judge sitting as factfinder to decide facts where conflicts in the evidence exist. Such was the case here. The appellate courts do not sit in judgment of the facts, and review the factfinder's determination of facts only to the extent of determining whether it is sufficiently supported by the evidence, that question being one of law. No error of law exists in this case, and where there is evidence to support the decision reached by the factfinder, we must affirm its judgment. 473 So.2d at 1041. Thus, if there was evidence produced in this case to support the trial court's judgment, then we are bound to affirm it.
With regard to the issue of whether the trial court erred in reforming the deed, the Taylors argue that in order for the court to reform a deed it must be proved through clear and convincing evidence that the intention in the sought reformation what the intention of both parties to the deed was, and they argue that a written instrument is not subject to reformation against the rights of a bona fide purchaser, without notice, and for value, citing Touchstone v. Peterson,443 So.2d 1219 (Ala. 1983). The Taylors assert that since they purchased the property for value and had no notice of the restrictive covenant, either actual or constructive, their deed cannot be reformed and the court committed error by doing so. The trial court, however, found that the Taylors had actual, as well as constructive, notice of the restrictive covenant in favor of permanent type residence structures. We agree.
First, with regard to actual notice, there was testimony adduced at trial that the Taylors were informed of the restriction on the property in two separate conversations that they had with the Prices. Thus, there was sufficient evidence produced at trial to support a finding of actual notice.
We are also of the opinion that sufficient evidence was produced to support a finding that the Taylors had constructive notice of the restriction. It is well settled in this jurisdiction that:
 "[If a purchaser has] sufficient information to stimulate inquiry which would lead to knowledge of adverse or hostile and superior claim or title, and fails therein, the injury is the result of his own folly — he is wanting in good faith, an indispensable element of a purchaser (for value) without notice — and a court of equity will not protect such reckless purchaser.
Leslie v. Click, 221 Ala. 163, 165, 128 So. 170, 172 (1930). Since the Prices told the Taylors about the restriction on at least *Page 428 
two separate occasions, it seems to us that this information would stimulate the Taylors to search the records of title, and, if they had, they would have discovered that the original deed from the Kohlers to the Prices contained such a restriction. Moreover, even though the Taylors did not search the record, they are charged with constructive notice of that which appears on the face of the conveyances in their chain of title. See Code of Alabama 1975, § 35-4-63; Jefferson County v.Mosley, 284 Ala. 593, 226 So.2d 652 (1969). Thus, reformation was proper in this case, since the Taylors had notice of the restriction. See Touchstone v. Peterson, supra.
Authority for the trial court's reformation of the deed can also be found in Code of Alabama 1975, § 35-4-153:
 When, through fraud, or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a deed, mortgage, or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as can be done without prejudice to rights acquired by third persons in good faith and for value.
It is clear from the testimony at trial that both sets of parties to the original deed, the Kohlers and the Prices, intended for the restriction to be effective. Furthermore, Mrs. Price testified that at the time she and her husband conveyed the property to the Taylors, it was her intention to leave the restriction in effect. She further testified that, since the Taylors were aware of the restriction, she did not feel that it was necessary to place the restriction on the face of the deed from the Prices to the Taylors. Because the Prices and the Kohlers were all of the opinion that the restriction was in effect, the court correctly reformed the deed to include the omitted restriction.
Next, the Taylors argue that the court erred when it granted the injunction in favor of the plaintiffs. The Taylors assert that the court cannot enjoin an action merely to allay apprehension of an injury, but that there must be proof that plaintiffs were in danger of irreparable injury. However, as this Court has stated:
 When a restrictive covenant is broken, . . . an injunction should be issued because the mere breach of the covenant is a sufficient basis for interference by an injunction. The right to enjoin such a breach will not depend upon whether the covenantee will be damaged by the breach. Reetz v. Ellis, 279 Ala. 453, 186 So.2d 915 (1966).
Tubbs v. Brandon, 374 So.2d 1358, 1361 (Ala. 1979). The trial court was correct in granting the injunction, since evidence produced at trial showed that the Taylors were actively engaging in installing mobile homes upon the property, thereby violating the restrictive covenant.
For all of the above-stated reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.