[Baldwin, Ala. Truck Farms v. Strode.]

# Baldwin, Ala. Truck Farms *v.* Strode.

### *Assumpsit.*

(Decided November 20, 1913.   63 South. 521.)

1. *Appeal and Error; Assignments; Record.*—Where there was no finding of facts by the court, or agreed statement of facts or objections or exceptions to the judgment entered by the court, assignments of error that the court erred in rendering judgment for defendant and that the judgment was contrary to the law and the evidence presents nothing for review.

2. *Corporations; Dealings With Stockholders; Profits.*—Where a person had an option to purchase and sell a tract of land, and such person organized a corporation to purchase the same and the directors of the corporation knew that such person had procured the option and represented the vendor in the transaction, which fact was stated in the articles of incorporation, the fact that such person received a commission from the vendor was no fraud on the corporation, although defendant became a stockholder; and such person having subsequently used such commission as part of the payment due the vendor from the corporation on the land, such person was entitled to have the same regarded as a legitimate loan to the corporation, and to be considered a creditor for that amount.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

Assumpsit by the Baldwin Alabama Truck Farms against J. H. Strode, on the facts stated in the opinion. Judgment for defendant and plaintiffs appeal. Affirmed.

S. C. JENKINS, for appellant.   A breach of trust by one of the officers of the Baldwin Alabama Truck Farms as a director and officer of the company is made by the facts of this case authorizing a recovery of the profits so made.—*Perry v. Tuscaloosa O. M. Co.,* 9 South. 217; Cook on Corp., sec. 649.   An agent to buy cannot use his option to purchase his own property for his principal unless with his free consent.—Authorities supra, and *Adams v. Sayre,* 70 Ala. 318; 1 Parsons on Contract, 93; *Saltmarsh v. Bean,* 4 Port. 283; 15 South. 956.

WILLIAM S. ANDERSON, and CLARK & BROWN, for appellee. The first three assignments are disposed of by the fact that the bill of exceptions does not show that any exception was taken to the judgment below.—*Frederick v. L. & N.*, 133 Ala. 486. It does not appear that the charges requested by appellant were in writing nor that they were separately requested and refused before the jury retired.—*Marsicano v. Phillips*, 60 South. 553. There is no merits in the other assignments of error.

MAYFIELD, J.—Appellant sued appellee on common counts to recover $712.50. The trial resulted in a verdict and judgment for the defendant.

There is nothing in the first, second, and third assignments of error. In fact, the assignments are not apt or appropriate in trials like this. The assignments are as follows: "(1) The court erred in rendering the judgment for the defendant. (2) The judgment of the court was contrary to the evidence. (3) The judgment of the court was contrary to the law."

Judgment was entered in accordance with the verdict of the jury. There was no finding of the facts by the court, no agreed statement of facts, nor objection or exception to the court's entering the judgment which was rendered. Of course any objection would have been unavailing, but none was made. There is nothing for us to review, raised by these assignments of error.

There was abundant evidence to support the verdict and judgment; hence there was no error in refusing the affirmative charge to the plaintiff; and each of the other charges as to which error is assigned was properly refused. No one of these charges stated a correct proposition of law, as applied to the facts in this case, to even the undisputed facts. The trial court might well have given the affirmative charge for the defendant. We are

unable to find any evidence in this record which would authorize the plaintiff to recover anything from the defendant in this suit. The only verdict and judgment was rendered in this case, which could have been correctly rendered.

The defendant and a number of other persons organized the appellant corporation for the purpose of buying and selling lands. The appellee was one of the promoters and had an option from the Vizard Investment Company to sell a certain tract of land at $12.50 per acre; and this company was organized for the purpose of purchasing this tract of land at this price and upon its formation made the contemplated purchase at the figure named. It was known that appellee had procured this option and that he represented the vendor in the transaction stated. The articles of organization and incorporation so recite.

It was no concern of the corporation that the vendor paid appellee a commission for making the sale. He had the option to sell, having made his contract with the vendor before the organization of the appellant corporation was thought of. It was fully understood, when the parties organized the corporation for the purpose of buying these lands, that appellee represented the vendor, and not the vendees, in the sale and purchase; indeed, it was provided in the articles of incorporation and subscription that, notwithstanding this fact of agency, the appellee might become a stockholder in the company, and he did become such a stockholder and was elected one of the corporate officers. When the first payment on the land was due, the corporation lacked $600 of having enough cash to make it, and appellee advanced $175 in cash and had the Vizard Company to allow credit of $712.50, the amount of his commission, on the payment, which credit was in turn properly charged against the

corporation as a loan thereto by the appellee, and the amount thereof was subsequently paid to him. It is this $712.50 which is the subject-matter of this suit.

It is difficult to see what claim the corporation can have to this money. If appellee had paid all of it in cash and the corporation had afterwards paid it back to him, as it did the $175, surely it could not be claimed that the corporation could recover back that money. As before stated, it was no concern of the corporation's what amount the vendor paid appellee for perfecting the sale. While it is not claimed that appellee represented the vendees in the making of the sale, it is contended that his commission or compensation therefor should inure to the benefit of the corporation because, forsooth, he afterwards became a stockholder and an officer therein; but neither can we agree to this proposition. Of course if he had pretended to represent the corporation, and not the vendor, in making the sale and purchase, and had not disclosed the fact that he held this option, and the corporation had paid him the fee of $712.50 for his services, whereas in fact he had represented the vendor, the corporation might recover back this commission; but this was not the case; it was entirely different. The corporation never paid, nor agreed to pay, him any commission. It had not paid one cent more for the land than it agreed to pay; and when the promoters and the subscribers, in the written agreement, recited that in making the sale the apellee represented the vendor and not the vendees, the corporation was left no color of right to the commission paid the appellee by the vendor. The great weight of the evidence shows that the subscribers to the stock of the proposed corporation knew that appellee was getting a commission for making the sale, though the evidence is in conflict as to this. But they all knew, or were chargeable with notice, because recited

in the agreement of organization and subscription to the stock, that the appellee represented the vendor and not the vendees; hence it was of no possible concern to them, nor to the corporation after it was organized, what commission the vendor paid the appellee for making the sale.

There is no error in the record, and the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.