(80 South. 797)

SHARPE v. HUGHES et al. (6 Div. 715.)

(Supreme Court of Alabama. Dec. 19, 1918. Rehearing Denied Feb. 13, 1919.)

1. WILLS ☞53(6)—PROBATE—TESTAMENTARY CAPACITY—EVIDENCE.

Where will was being contested on ground of insanity, proponent should have been allowed to introduce evidence that testator's aberrations were temporary and consistently coincident with excessive use of intoxicants; testator not being under influence of intoxicants at time of signing of will.

2. APPEAL AND ERROR ☞743(1) — MATTERS REVIEWABLE—ASSIGNMENTS OF ERROR.

Assignments of error which point to wrong pages of transcript need not be considered.

Appeal from Probate Court, Jefferson County; J. P. Stiles, Judge.

In the matter of the probate of the will of Marion F. Hughes, deceased; Joseph Hughes and others contestants. From a verdict and judgment against the will, the executor nominated under the will, George Sharpe, appeals. Reversed and remanded.

See, also, ante, p. 510, 80 South. 798.

Thompson, Greene & Thompson and N. L. Steele, all of Birmingham, for appellant.

R. E. Smith and Clark Williams, both of Birmingham, for appellees.

SAYRE, J. This was a proceeding in the probate court to admit to probate the will of Marion F. Hughes, deceased. Appellees instituted a contest. From the verdict and judgment against the will this appeal is taken.

The contest alleged the mental incapacity of deceased, undue influence, and, in the last place, fraud in that George M. Sharpe (who is nominated in the will as executor without bond), and one P. F. Sudduth (who was the grandfather of John Sudduth, a minor and chief beneficiary under the will), knowing that testator was physically and mentally incompetent, connived and caused the will to be prepared and executed. There was evidence which properly carried all these issues to the jury, and this appeal has to do mainly with rulings on one point which may have exerted material influence in the decision of each of these issues.

[1, 2] The instrument in question was signed on July 6, 1912. Testator—so for convenience to speak of the signer—died in the hospital for the insane at Tuscaloosa in August, 1916. Forty or 45 years before that he had been confined in the asylum for a short time, and again late in the year 1911. From the last-mentioned confinement he had been discharged in April, 1912, on the finding of a jury that he was sane. The evidence as to his mental condition and capacity in the intervals indicated, and at the time of the signing of the instrument in contest was, as we have indicated, in conflict. Appellant attempted repeatedly to get before the jury evidence to sustain his proposition that testator's manifestations of abnormality and incapacity during the many years thus brought into view were coincident with, and the result of, an excessive use of intoxicating liquors, and so, up to and beyond the particular time in question, were of a temporary character; and upon the evidence thus offered, in connection with testimony to the effect that on the date of the instrument testator was rational and mentally capable, sought to have the jury base a finding in favor of the will, so far as concerned the alleged mental incapacity of the testator; but the presiding judge by repeated rulings very clearly gave effect to his view that the jury were not concerned to know why testator was "insane"—this is the term used by the judge in speaking to the jury—but only whether he was insane at the time he signed the instrument in contest. So far as concerned the ultimate fact at issue, this was a correct view, for, if it were correctly ascertained that testator was not mentally capable at the time in question, the cause or causes of his incapacity would have been immaterial; but, under the issue as to mental capacity as it developed in the evidence, the question as to the cause of the incapacity alleged became evidentially important, for, if testator's aberrations were temporary and consistently coincident with an excessive use of intoxicants, the jury may have reasonably inferred that the use was the cause of the condition as often as it recurred, and, since testator was not under the influence of intoxicants at the time of the signing, this inference may have afforded just ground for a conclusion that he was not mentally incapable at that time. Some of the assignments of error which are grouped under this head may be avoided on technical grounds, as, for example, that they point to wrong pages of the transcript, or that the questions by which it was sought to elicit the facts were leading—though that objection was not taken in the trial court. But many of them cannot be avoided for these or any other reason that has been suggested; and, for the reason stated above, they lead to the conclusion of reversible error. The decision in O'Donnell v. Rodiger, 76 Ala. 222, 52 Am. Rep. 322, sustains the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

principle of this conclusion. Without intending in the least to intimate the effect of the evidence thus offered by appellant—that should have been left to the jury—we state our opinion that its exclusion was error for which the judgment must be reversed.

We find no error in the other rulings shown by the record, and they need not be discussed. For the errors indicated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.