(133 So. 35)
## MEADOR–PASLEY CO. v. OWEN.
### 8 Div. 280.

Supreme Court of Alabama.
March 5, 1931.

GARDNER, J.

Counts 1 and 2 sought recovery on promissory notes executed by Benefield and Owen, and count 3 was on account for merchandise sold.

Defendant denied that he was ever a member of any partnership or that he held himself out as such at any time; contending that he ordered no goods from plaintiff, did not authorize such purchase, and is in no manner responsible for the same.

■ There were special pleas and demurrers interposed, but no ruling thereon appears in the judgment entry, nor, indeed, elsewhere in the record. Assignments of error 1 and 2 therefore present nothing here to be reviewed. Morgan v. Flexner, 105 Ala. 356, 16 So. 716; Reaves v. Anniston Knitting Mills, 154 Ala. 565, 45 So. 702; General Elec. Co. v. Town of Ft. Deposit, 174 Ala. 179, 56 So. 802.

Counts seeking recovery on the notes (counts 1 and 2) were eliminated by affirmative charges of the court, and no argument is here pressed there was error in such ruling.

Indeed, this was the logical result of the ruling of the court excluding these notes as evidence, which action of the court constitutes the ninth assignment of error. But this ruling was upon the theory, as shown by the statement of the trial judge at the time, that the undisputed evidence disclosed that Benefield alone executed the notes after there had been a dissolution of the partnership, if in fact a partnership had ever been created, and no evidence of any authority by defendant to do so, arrangement between the parties to such effect, or ratification on his part. And the correctness of this theory does not appear to be here questioned in brief for appellant. Brown v. Bamberger, 110 Ala. 342, 20 So. 114; Fontaine v. Lee, 6 Ala. 889; 47 Corpus Juris 1131.

The cause went to the jury on plaintiff's part on count 3 on account, and under the situation above disclosed, we can see no relevant purpose these notes could have served. This assignment of error is not well taken.

■ By reference to page 13 of the record, as directed by the third assignment, we are unable to sufficiently determine the ruling of the court to which exception was reserved that corresponds therewith. Appellant can take nothing by such assignment. Supreme Court Rule 1, vol. 4, Code 1923, page 880; Kinnon v. L. & N. R. R. Co., 187 Ala. 480, 65 So. 397; Ogburn-Griffin Co. v. Orient Ins. Co., 188 Ala. 218, 66 So. 434.

We are unable to find the question, objection to which constitutes the fourth assignment, set out in the record, though the assignment directs an examination of two pages of the transcript (14 and 15), which has been done. We may add, however, that, if the assignment has reference to the shipment of goods to Benefield and Owen, the witness testified without objection that he did know the goods were so shipped and had not been paid for.

The question, the basis of assignment No. 5, was answered by the witness, and the only exception appears to have been in regard to renewal of plaintiff's offer, but what the offer was is not made more definitely to appear.

The sixth assignment relates to the ruling on the notes, sufficiently considered in the treatment of assignment No. 9.

The argument as to the seventh assignment of error bears no relation to this assignment.

■ As to what percentage was paid creditors in the bankruptcy proceedings of Benefield would seem irrelevant here. As to the matter of payment, the burden of proof would rest upon defendant. Assignment No. 8. is without merit.

■■ Defendant was permitted to testify that he "never did form a partnership with Benefield." We think this is a statement of a collective fact, and not objectionable as a mere conclusion of the witness. The statement made by counsel to the court indicated his view that the two notes of Benefield (assignment of error No. 11) were properly offered in evidence at least for a limited purpose, but, in any event, we find only the objection and the ruling of the court, but no exception reserved. Without exception reserved, appellant can take nothing by this assignment.

A jury question was presented, and the affirmative charge for plaintiff was properly refused. Nor do we consider that the action of the court in denying the motion for a new trial needs discussion. The question of partnership vel non as well as liability by holding out to the public were submitted to the jury's determination after full instructions by the trial court, and we do not feel that the record justifies any disturbance here of this ruling.

What is stated in brief as to charges given for defendant does not rise to the dignity of an argument, and, in addition thereto, the assignment as well as brief is wholly indefinite as to which of the defendant's given charges are referred to.

We have carefully considered appellant's assignments of error argued in brief, and find nothing calling for a reversal.

The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.