150 So.2d 372

**J. L. MOTHERSHED**

v.

**Mary Alice MOTHERSHED.**

l Div. 66.

Supreme Court of Alabama.

Jan. 10, 1963.

Rehearing Denied Feb. 21, 1963.

Thompson & White, Bay Minette, for appellant.

Wilters & Brantley, Bay Minette, for appellee.

GOODWYN, Justice.

Appellee (wife) filed a bill against appellant (husband) for a divorce from bed and board on the ground of abandonment, and also prayed for support and maintenance and an allowance for an attorney's fee.

The husband, by cross-bill, sought a divorce from the bonds of matrimony on the ground of voluntary abandonment. Neither party was granted a divorce but an allowance was made to the wife for her support and maintenance. No allowance was made for an attorney's fee. The husband brings this appeal.

There are six assignments of error.

Assignment No. 1 charges error "in excluding respondent's Exhibit #9." Assignment No. 2 charges error "in refusing to admit respondent's Exhibit #9." This exhibit was a tape recording which the husband made of the wife's telephone conversations. Neither assignment discloses where such rulings may be found in the record. For this reason, if for no other, these assignments should not be considered. Orso v. Cater, 272 Ala. 657, 662, 133 So.2d 864; Brooks v. Everett, 271 Ala. 354, 359,

124 So.2d 105; Sharpe v. Hughes, 202 Ala. 509(2), 80 So. 797. In this connection, it is to be noted that the record shows two entirely different occasions when the tape recording was brought up. The first (on pp. 31–32) was on cross-examination of complainant; the second (on p. 66) on direct examination of respondent. Neither assignment shows to which of these occasions it is supposed to relate. Moreover, on the occasion of respondent's direct examination, he specifically withdrew his offer of the exhibit. No reversible error is presented by these two assignments. Chandler v. Goodson, 254 Ala. 293, 298, 48 So.2d 223.

■ · The errors charged in assignments 3, 4 and 5 relate to the sufficiency of the evidence to support the decree. Aside from any other reason, these assignments cannot be considered because, as insisted by appellee, appellant's brief does not comply with the following requirement of Rule 9 of the Revised Rules of Practice in the Supreme Court, 261 Ala. XIX, XXII, viz.:

. . . "Appellant's brief under separate headings shall contain: * * * (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and *if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; * * *."* [Emphasis supplied.]

There is no pretense that appellant's original brief meets the requirements of the emphasized portion of Rule 9. Nor are such requirements met by the "re-statement of the facts" in appellant's "rebuttal brief and argument."

■ We have held that if there is a failure to comply with Rule 9 (old Rule 10), there is, as a consequence, a failure to insist upon errors assigned; and that the failure to insist upon errors assigned is a waiver and an abandonment of them. Wilson v. McClendon, 259 Ala. 382, 383, 66 So.2d 924; Morgan County v. Hill, 257 Ala. 658, 659, 60 So.2d 838; Alabama Power Co. v. Thompson, 250 Ala. 7, 10, 32 So.2d 795, 9 A.L.R.2d 974; Louisville & Nashville R. R. Co. v. Holland, 173 Ala. 675, 694, 55 So. 1001, 1008.

Assignment No. 6 is as follows:

"The court erred in an abuse of the court's discretion by threatening the respondent, thereby limiting the respondent's testimony to his prejudice."

■■ This assignment is too indefinite, uncertain and general to be considered. "If the assignment of error is uncertain and indefinite as to the particular error complained of, this court will decline to consider it." Beasley-Bennett Electric Company, Inc. v. Gulf Coast Chapter of the National Electrical Contractors Association, et al., 273 Ala. 32, 134 So.2d 427, 430 (7), and cases there cited; Micou v. Tallassee Bridge Co., 47 Ala. 652, 658. See also: Hornaday v. First Nat. Bank of Birmingham, 259 Ala. 26, 32, 65 So.2d 678; Kinnon v. Louisville & N. R. R. Co., 187 Ala. 480, 481–483, 65 So. 397. Furthermore, as said in Orso v. Cater, supra, there is "no citation in the assignment of error of the transcript page on which the alleged error could be found."

Original opinion corrected on application for rehearing.

Rehearing denied.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.