149 So.2d 805

**J. D. FULLER**

v.

**L. E. DARDEN.**

**I Div. 917.**

Supreme Court of Alabama.

Feb. 7, 1963.

Jas. R. Owen, Bay Minette, for appellant.

Kenneth Cooper, Bay Minette, for appellee.

COLEMAN, Justice.

This is an appeal by defendant from judgment for plaintiff and from judgment overruling defendant's motion for new trial in an action at law tried on the common counts for work and labor done for defendant and for supplies furnished for defendant by plaintiff.

The assignments of error recite:

"1. The verdict of the jury and the judgment of the Court is contrary to the oral charge given by the Court. (Transcript page 78)

"2. The verdict of the jury is contrary to that portion of the Court's charge which reads as follows: 'Gentlemen, if after considering all of the evidence you are satisfied that the Plaintiff should recover, the form of your verdict would be: We the jury find for the Plaintiff—such amount as you see fit—no amount has been proven but even under that, the law says that if you believe the Plaintiff is entitled to recover, he would be entitled to recover nominal damages.' (Transcript page 78)

"3. The Court erred in overruling Appellant's motion for a new trial. (Transcript page 81)"

In assigning errors, the appellant must specify the action of the trial court of which he would have review and revision. Kinnon v. Louisville & Nashville R. Co., 187 Ala. 480, 482, 65 So. 397.

Assignments 1 and 2 in the instant case fail to specify any action of the trial court and, therefore, present nothing for review.

This court has held an assignment reciting, " '3. The verdict of the jury is contrary to law,' " insufficient to present anything for review because such assignment fails to allege error by the trial court in any respect. King v. Jackson, 264 Ala. 339, 341, 87 So.2d 623. Assignments 1 and 2 in the instant case allege nothing more than that the verdict is contrary to the law as stated in the instructions to the jury, and said assignments will not be considered.

Assignment 3 justifies consideration of any ground of the motion stated with sufficient definiteness to direct the court's attention to the alleged erroneous ruling, and, on such an assignment, we consider any ground of the motion which is clear and specific and which is argued by counsel. Pearson v. Birmingham Transit Co., 264 Ala. 350, 87 So.2d 857.

■ "Ground 6 of the motion for new trial contains the same language as Assignment 2. Ground 6 is sufficient to call on the trial court to decide whether or not the verdict of the jury, in exceeding a nominal amount, was contrary to the quoted excerpt from the charge of the court.

The reporter will set out the entire oral charge and the given charges in extenso.

The jury returned a verdict for the plaintiff for $2,500.00. Defendant contends that the court instructed the jury that plaintiff could recover nominal damages only, that the verdict for $2,500.00 is in disregard of and contrary to the instructions, and that the court should have granted defendant's motion for new trial, citing Fleming & Hines v. Louisville & N. R. Co., 148 Ala. 527, 41 So. 683, and Penticost v. Massey, 202 Ala. 681, 81 So. 637.

Both cited cases hold that if the court is in error in giving instructions, the jury should, nevertheless, obey the instructions, and when the jury fails to find accordingly, the trial court is justified in setting aside the verdict and granting a new trial.

■ In Penticost v. Massey, the court gave affirmative instructions for defendant but the jury returned a verdict for plaintiff. On appeal, the action of the trial court in granting a new trial was affirmed. Other than in holding in accord with the general rule, Penticost v. Massey is no help in the instant case.

In the Fleming case, however, the original record discloses that the trial court gave at defendant's request the following charge:

> " * * * 'The Court charges the jury that under the evidence in this case the jury ought not to find a verdict for the plaintiff for more than nominal damages.' * * *."

Defendant insists that the charge in the instant case is to the same effect and re-quires the jury to limit its verdict for plaintiff to nominal damages. We do not agree.

■ It is settled that the oral charge should be considered in its entirety and a few words should not be taken out of their context in order to give them a meaning that might be different if the entire charge is considered. Hawkins v. Hudson, 45 Ala. 482; Florence Coca Cola Bottling Co. v. Sullivan, 259 Ala. 56, 65 So.2d 169.

■ Taking the charge as a whole, we are of opinion that it does not forbid the jury's bringing in a verdict for plaintiff for more than nominal damages. The excerpt relied on by defendant does no more than observe that even if the proof failed to show the amount defendant had agreed to pay for plaintiff's services, plaintiff would, nevertheless, be entitled to recover nominal damages if he is entitled to recover.

When the entire charge is considered, the verdict is not contrary to the instructions and the court did not err in overruling Ground 6 of the motion for new trial. No other ground is argued.

Affirmed.

LAWSON, GOODWYN, and HARWOOD, JJ., concur.