158 So.2d 658

**STATE of Alabama**

v.

**E. V. BOONE et al.**

**4 Div. 159.**

Supreme Court of Alabama.

Dec. 12, 1963.

Homer W. Cornett and Jos. W. Smith, Sp. Asst. Attys. Gen., for appellant.

J. Pelham Ferrell and Roy H. Phillips, Phenix City, for appellees.

PER CURIAM.

Appellant instituted proceedings in the Probate Court of Russell County to condemn for highway purposes approximately ten acres of land belonging to appellees. The latter appealed to the Circuit Court of Russell County from the judgment or award in the probate court, and appellant here appeals from the judgment of the circuit court. The award in the circuit court was $20,000.00.

Appellant filed a motion for new trial in the circuit court. The trial judge overruled the motion. This ruling is here assigned as error.

An assignment of error as here that the trial court improperly refused to grant a new trial justifies consideration of any ground stated with sufficient definiteness to direct the court's attention to the alleged erroneous ruling, and the court may consider any ground of the motion which is clear and adequately argued in brief by appellant. Code of Alabama 1940, Title 7, § 764, as amended by Act No. 57, General Acts of Alabama 1949, page 81; Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170 [1], 87 A.L.R.2d 1148; Fuller v. Darden, 274 Ala. 447, 149 So.2d 805 [3].

Evidence that the affected area was adaptable as a residential subdivision at the time of the taking was admissible and admitted. W. T. Smith Lumber Co. v. McKenzie, 256 Ala. 496, 55 So.2d 919 [3], [4].

Ground 1 of the motion asserts that the verdict of the jury is not sustained by the great preponderance of the evidence, while Grounds 3, 4, and 8 contend that the verdict is excessive. These grounds are not well taken. Mr. Mark Fretwell, called by appellant as an expert witness, testified that the consumed area was worth $10,-000.00. Mr. E. V. Boone, one of the appellees, testified that the land condemned (9.93 acres) was worth $4,500.00 per acre at the time of the taking, and that his remaining land would be damaged in the amount of $9,000.00. A Mr. Mears, a witness for appellees, after qualifying as an expert, testified that the land taken was worth $24,000.-00, and that the damage to the remaining land was $5,000.00 A Mr. Hilyer, for appellees, testified that the value of the condemned area was $30,000.00, and damage to the remaining land was $5,250.00. The foregoing evidence was sufficient to sustain the jury's verdict of $20,000.00.

Ground 2 of the motion that the verdict of the jury is contrary to the law of the case is without merit. It is not sufficiently specific. Atlantic Coast Line R. Co. v. Burkett, 207 Ala. 344, 92 So. 456 [4].

The ground of the motion that the verdict of the jury is contrary to the law and the evidence presents no other question than a consideration of the evidence to see if allowing all reasonable presumptions in favor of the correctness of the

**18**

verdict, the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. McDuffie & Sons v. Weeks, 9 Ala.App. 282, 63 So. 739 [1]. In view of the evidence to which we have alluded, the trial court was not convinced, nor are we, that the verdict is wrong and unjust. Verdicts are presumed to be correct and no ground of a new trial is more carefully scrutinized and rigidly limited, than that the verdict is against the evidence. Blount Brothers Construction Co. v. Rose, 274 Ala. 429, 149 So.2d 821 [17]. Where the presiding judge refused to grant a new trial, presumption in favor of the verdict is strengthened. Blount Brothers Construction Co. v. Rose, supra, [18].

Assignments of error 6 and 7 are not specific and clear to the extent of informing the trial court and this court as to the errors complained about. Atlantic Coast Line R. Co. v. Burkett, supra; Fuller v. Darden, supra.

█ Appellant devotes much argument in its brief to support its contention that the trial court erred in admitting certain evidence as to damages asserted by appellees and as to the unorthodox manner of proving the damages. We find no assignment of error that will permit us to consider this alleged departure from the recognized rules of proving damages of the character here at issue. Errors not specifically assigned will not be considered on appeal. Meadors v. Haralson, 226 Ala. 413, 147 So. 184 [13].

After carefully considering all the assignments of error, we conclude that none of them show any prejudice sufficient to reverse the judgment of the trial court. Therefore, the judgment should be and is affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL and HARWOOD, JJ., concur.