184 So.2d 133

Leo HENRY, Admstr.,

v.

Willie James JACKSON et al.

3 Div. 104.

Supreme Court of Alabama.

March 10, 1966.

Chas. S. Conley, Montgomery, for appellant.

Ball & Ball, Montgomery, for appellees.

LIVINGSTON, Chief Justice.

This appeal is from a judgment for the defendants in an action brought under the Homicide Act, Sec. 123, Title 7, Code 1940.

The suit was instituted by Leo Henry, as Administrator of the estate of Clark Henry, Sr., deceased, against Willie James Jackson and Alaga Syrup Company. The complaint consisted of two counts: One for simple negligence, and the other for wanton misconduct. The defendants, separately and severally, interposed pleas of the general issue in short by consent, with leave, etc., and contributory negligence.

The trial court gave the general affirmative charge, with hypothesis, for the defendant Alaga Syrup Company, and as to defendant Jackson, submitted the two counts of the complaint with the pleading mentioned above to the jury, who rendered a verdict for the defendants.

The action arose from an automobile-pedestrian collision at the intersection of Highland Avenue and Symthe Street, in the City of Montgomery, Alabama, when plaintiff's intestate stepped off the curb and was struck by the automobile driven by the defendant, Willie James Jackson. Plaintiff's intestate sustained injuries from which he died the same day.

A motion for a new trial was seasonably made and overruled, and this appeal followed.

Appellees contend that there was no evidence to show that the Alaga Syrup Company was in any way responsible for the injuries and death of plaintiff's intestate, and that said injuries were unavoidable and the sole proximate result of the contributory negligence of plaintiff's intestate.

The record contains 30 assignments of error, but the appellant's argument in brief in support of any of them leaves much to be desired.

Assignments of error 1 through 13, inclusive, and assignments of error 26, 27 and 28 assign errors and refer to pages of the transcript where said alleged errors are to be found, but pages in the transcript referred to by appellant contain no ruling of the court concerning or dealing with the matter assigned as error. For instance, assignment of error 2 is as follows:

"2. For that the trial court erred in sustaining defendants' objection to the following question propounded to the defendant Willie James Jackson:

"'Q. Is this the first accident you have been involved in?' to which ruling the plaintiff duly and legally excepted. (TR. 4)"

Page 4 of the transcript contained no such ruling, and, in fact, contains only the two separate pleas of the separate defendants. The other assignments of error referred to, 1 through 13, and 26, 27 and 28, also erroneously refer to pages of the transcript where the errors complained of are to be found.

One purpose of Revised Supreme Court Rules, Title 7, Code 1940, Appendix, is to relieve the appellate court of the burden of searching the record, or transcript, for the ruling, or action, of the trial court which is made the basis of the assignment of error.

There seems to be some confusion as to the application of Revised Supreme Court Rules dealing with appeals. This confusion apparently stems from a misunderstanding of the terms "transcript of the record" and "transcript of the evidence."

▆ Appeals are purely statutory, and only exist by legislative grace. Ordinarily, of course, if there is no appeal, there is no "transcript of the record." If an appeal is taken, appellant becomes responsible for the record on appeal to the extent of seeing that it is a correct record.

■ Error is never presumed, but must be pointed out by the appellant by assigning errors in the record, which goes to the appellate court, and such assignments must be written or typed upon transcript paper and bound with the "transcript of the record." In civil cases, though there be error in the record, if it is not assigned and argued, the appellate court will not consider it.

■ Revised Supreme Court Rule 1, Title 7, Code 1940, Appendix (dealing with assignments of error and joinder therein), does not require that assignments of error be followed by reference to the page of the transcript where the action, or actions, made the basis of the assignment are to be found; but we have held that where appellant's counsel, following an assignment of error, refers to certain record pages, and this Court finds no such ruling at the pages referred to, no question is presented for our determination. Brooks v. Everett, 271 Ala. 354, 124 So.2d 105; Crews & Green v. Parker, 192 Ala. 383, 68 So. 287; Sharpe v. Hughes, 202 Ala. 509, 80 So. 797; Orso v. Cater, 272 Ala. 657, 133 So.2d 864; Mothershed v. Mothershed, 274 Ala. 528, 150 So.2d 372; Morton v. Clark, 10 Ala. App. 439, 65 So. 408; Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568.

■ Unquestionably, Revised Supreme Court Rule 9, Title 7, Code 1940, Appendix (dealing with the preparation of appellant's brief), in its reference to pages of the transcript, refers to the "transcript of the record" as distinguished from the "transcript of the evidence." "Transcript of the record" was in use, and well understood, long before "transcript of the evidence" came into existence. When bills of exceptions were abolished (with certain exceptions not here material) by Act No. 461, Acts of Alabama 1943, Reg.Sess., p. 423, the "transcript of the evidence" was substituted for bills of exception. This view is fortified by Revised Supreme Court Rule 37, Title 7, Code 1940, Appendix, which, in pertinent part, provides:

"* * * Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. * * *"

But Act No. 886, Acts of 1951, Reg.Sess., p. 1527, rewrote Act No. 461, supra, making some additions thereto. In substance, Act No. 886, supra, in so far as here material, now requires that:

"* * * If a party to a cause tried in such court desires to appeal from a judgment rendered, he shall, within 5 days after he perfects his appeal give notice to the court reporter, in writing, that he desires to appeal and request the evidence to be transcribed. The Court Reporter shall then promptly transcribe the evidence, including objections, oral motions, rulings of the court, and the oral charge of the Court, certify the same and file it with the Clerk within sixty days from the date on which the appeal was taken. He shall also identify and copy all documents offered in evidence in the order in which offered. The evidence so transcribed and certified and filed shall be a part of the record, and assignments of error may be made as though the transcript constituted a bill of exceptions. * * *"

Act No. 886, supra, also provides that:

"In transcribing the evidence, including objections, oral motions, rulings of the court, and the oral charge of the court, including all documentary evidence and exhibits, the copy of which is practical, the court reporter shall use regular transcript paper, to be furnished by the county, of the kind and size prescribed by the Supreme Court for transcripts in such court, and he shall make two carbon copies of the same. Such court reporter's certified transcript and the copies thereof shall be filed with the clerk of the trial court and the original shall be used by the clerk and inserted by him

in the transcript as part of the regular record for the appellate court. * * *"

There is nothing in the rules of this Court, nor of any of our decisions, which requires the court reporter to number the pages of his transcription of the evidence. If he does so, that numbering is of no consequence after he delivers his transcript of the evidence to the clerk of the trial court, because the clerk of the trial court is required to number the pages of the entire transcript (including the transcript of the evidence) consecutively throughout.

Revised Supreme Court Rule 24, Title 7, Code 1940, Appendix, provides the "MODE OF PREPARING TRANSCRIPT." (Rule 24, supra, was amended by an order of the Supreme Court on the 26th day of October, 1964, to become effective April 1, 1965. But this appeal antedates the change in Rule 24, supra, and also antedates the effective date of said rule, and consequently, does not affect this appeal.)

In substance, Rule 24, supra, provides, in pertinent part, that all appeals to this Court shall be plainly typewritten or printed on transcript paper *and the pages of the entire transcript shall be numbered consecutively throughout;* that in the front of the first part of the transcript, there shall be made a correct subject, witness, and page index of the entire transcript; and if the appeal is an action at law and there is a bill of exceptions (transcript of the evidence), the final judgment shall precede the bill of exceptions (transcript of the evidence) in the transcript. In copying the bill of exceptions (transcript of the evidence), which shall then be set in, the style of the case shall be omitted. Following the bill of exceptions (transcript of the evidence) in the transcript, there shall be inserted, without styling of case, the prayer for the appeal, if one was filed, the bond therefor, the citation of appeal, with acceptance of service or of service by the officer; the certificate of the clerk as to correctness of the transcript. An ample number of blank pages at the end of the transcript for assigning errors shall be bound with the transcript.

The clerk, in preparing the transcript now before us, followed Rule 24 and numbered the pages of the entire transcript consecutively throughout. The court reporter correctly numbered the pages of the transcript of the evidence by using the page numbers of the clerk's transcript of the record, as evidenced by his certificate:

"I, Walter E. Graham, Official Court Reporter, 15th Judicial Circuit of Alabama, hereby certify that the aforegoing pages of testimony and evidence numbered from 26 to 99, inclusive, are a true and correct transcript of ALL the testimony and evidence in the above captioned cause taken by me at the Court House, Montgomery, Alabama, on Monday, October 15th, 1963, and that I transcribed same * * *."

With this certificate before him, there was no rhyme or reason for appellant's counsel to refer to wrong pages of the transcript.

Appellant's assignments of error 14 through 21, inclusive, deal with written charges refused to the plaintiff. These assignments of error are argued in bulk and are not related. Where unrelated assignments of error are argued in bulk and one assignment is not well taken, no reversible error appears. Stewart v. Weaver, 264 Ala. 286, 87 So.2d 548; Boles v. Bonner, 267 Ala. 342, 101 So.2d 544; 2A Ala.Dig., Appeal and Error, ⊗736.

Assignment of error 14 complains of the court's action in refusing plaintiff's requested Charge No. 2, which reads as follows:

"'CHARGE NO. 2. I charge you, gentlemen of the jury to find a verdict in favor of the plaintiff, LEO HENRY, as administrator of the estate of Clark Henry, Deceased.' Refused, Hill, Judge."

Obviously, Charge No. 2 was, for several reasons, properly refused, and as a conse-

quence, there is no merit in this and other assignments argued in bulk.

■ Appellant's assignments of error 22, 23 and 24 are as follows:

"22. For that the trial Court erred in entering its final judgment of March 7, 1963, in favor of the defendants and against the plaintiff in this cause. (TR. ).

"23. For that the trial Court erred in entering its judgment of March 7, 1963 based upon the verdict of the jury in this cause, in favor of the defendants and against the Plaintiff.

"24. For that the trial Court erred in entering its final judgment against the Plaintiff in this cause. (TR. )"

These assignments of error are not apt or appropriate in trials like this.

Judgment was entered in accordance with the verdict of the jury. There was no finding of the facts by the court, any agreed statement of facts, nor objection or exception to the court's entering the judgment which was rendered. Of course, any objection would have been unavailing, but none was made. There is nothing for us to review, raised by these assignments of error. Baldwin, Alabama Truck Farms v. Strode, 184 Ala. 213, 63 So. 521.

Assignment of error 25 reads as follows:

"25. For that the trial court erred in denying plaintiff's motion for a new trial. (TR. )"

■ An assignment charging error in the overruling of a motion for a new trial is sufficient to invite review of that ruling on any ground well stated in motion and properly argued by the appellant on appeal. Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170, 87 A.L.R.2d 1148; Fuller v. Darden, 274 Ala. 447, 149 So.2d 805; Lyle v. Winston County, 274 Ala. 581, 150 So.2d 706; United Ins. Co. of America v. Ray, 275 Ala. 411, 155 So.2d 514; State v. Boone,

276 Ala. 16, 158 So.2d 658; Andrews v. May, 277 Ala. 248, 168 So.2d 619; McDowell & McDowell, Inc. v. Barnett, 277 Ala. 302, 169 So.2d 324; Revised Supreme Court Rule 9. There is no sufficient reference and argument in appellant's brief to designate the ground, or grounds, relied on in appellant's motion for a new trial; therefore, there is nothing presented for review under this assignment of error.

■ Assignment of error 29 reads as follows:

"29. For that the trial court erred in denying to plaintiff the right to adduce evidence in support of grounds 37 and 41 of his motion for a new trial in this cause, to which ruling the plaintiff duly and legally excepted."

This assignment of error is too general and otherwise fails to comply with Supreme Court Rule No. 9, supra. Nowhere are we directed to the evidence offered in support of grounds 37 or 41. Neither are we directed as to where to find the grounds complained of. Appellant can take nothing by this assignment of error.

No error is assigned complaining of the trial court's action in giving the general affirmative charge for the defendant Alaga Syrup Company.

■ The trial court charged the jury and they retired and later returned a verdict reciting:

"We, the jury, find for the defendant. Davis Henry, Foreman."

The trial court had previously given the general affirmative charge for the Alaga Syrup Company, and, of course, the verdict should have included the Alaga Syrup Company if the charge was to be followed by the jury. Attention was called to the trial court to this omission. The trial court sent the jury back to the jury room for a correction of this clerical error. The jury returned with a verdict reading:

"We, the Jury, find for the defendants. Davis Henry, Foreman."

This action by the trial court and the jury could not possibly have affected any substantial rights of the plaintiff, and assignment of error 30 is without merit. Supreme Court Rule 45.

We have treated every alleged error assigned and find no reversible error. The judgment is due to be, and is affirmed.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.

COLEMAN, J., concurs in the results.

LAWSON and HARWOOD, JJ., will express their views.

HARWOOD, Justice (concurring specially).

I concur in the result reached in this case.

However, I am not in accord with that part of the majority opinion which holds in effect that assignments of error need not contain a reference to the place in the transcript where the ruling made the basis of the assignment may be found. True, Supreme Court Rule 1 does not in words so require, but we have heretofore treated such requirement as being implicit.

In Mothershed v. Mothershed, 274 Ala. 528, 150 So.2d 372, we said:

"Neither assignment discloses where such rulings may be found in the record. For this reason, if for no other, these assignments should not be considered."

In Orso v. Cater, 272 Ala. 657, 133 So.2d 864, we held:

"Furthermore, there was no citation in the assignment of error on the transcript page on which the alleged error could be found."

Again, in Brooks v. Everett, 271 Ala. 354, 124 So.2d 105, it is stated:

"Some" (assignments of error) "are without merit because they do not point out where the alleged error appears in the transcript."

The majority opinion correctly observes that where assignments point to wrong pages of the transcript they may be avoided. Sharpe v. Hughes, 202 Ala. 509, 80 So. 797; Crews & Green v. Parker, 192 Ala. 383, 68 So. 287; Meador-Pasley Co. v. Owen, 222 Ala. 392, 133 So. 35.

My concern is that the present holding may be taken to mean that assignments of error may omit any reference to the place in the transcript where questioned rulings are to be found, and yet be considered by this court, and that consideration of assignments may be pretermitted only when an erroneous reference is made. If this be the result of the holding in the present case, the labors of this court will be greatly increased, particularly when a record contains hundreds of pages.

Further, I am unwilling to commit myself to the proposition that references in the brief to assignments of error in the "transcript of the evidence" rather than to the "transcript of the record" inevitably constitutes an improper reference necessitating condemnation of the assignment. Such a holding I regard as hypertechnical.

LAWSON, J., concurs in the result reached by the majority, and in the views expressed by HARWOOD, J., in the last paragraph of his special concurring opinion.