198 So.2d 306

**Walter Gus WOODS**

v.

**CITY OF TUSCALOOSA.**

**6 Div. 165.**

Court of Appeals of Alabama.

April 11, 1967.

Walter Gus Woods, pro se.

Richard C. Shelby, Tuscaloosa, for appellee.

CATES, Judge.

November 29, 1966, appellant submitted on the merits. The City having filed a motion to dismiss submitted on the motion as well as on a joinder of no error in the record.

This is an appeal from a judgment on trial de novo in the Circuit Court finding appellant guilty of breach of an ordinance.

■ Such appeals are governed by the rules relating to civil appeals. Notably, Code 1940, T. 15, § 389, being exceptional for criminal convictions,[1] does not extend to a municipal ordinance violation appeal even though the conviction may entail incarceration. See Parks v. City of Montgomery, 38 Ala.App. 681, 92 So.2d 683, wherein many precedents are listed.

Here appellant has made assignments of error. But there is no proof of service on appellee. This is one ground of appellee's motion to dismiss.

Liminally, however, we note the appellant's assignments give no reference to the page in the record where the ruling complained of may be found.

In Henry v. Jackson, 279 Ala. 225, 184 So.2d 133, we find introductory dictum which states:

"Revised Supreme Court Rule 1, Title 7, Code 1940, Appendix (dealing with assignments of error and joinder therein), does not require that assignments of error be followed by reference to the page of the transcript where the action, or actions, made the basis of the assignment are to be found; * * *."

No doubt it was the cogency if not the erstwhile correctness of Mr. Justice Harwood's opinion in Henry v. Jackon, supra, which explains the amendment of Supreme Court Rule 1, effective March 21, 1966 (279 Ala. xxiii). This added the following italicized clause to the first sentence of Rule 1 so as to make it now read:

"In assigning errors, it shall be sufficient to state concisely, in writing, in what the error consists; *and each assignment shall list the page or pages of the transcript of the record on which the ruling is recorded.* * * *" (Italics added.)

■ Appellant owes this court the duty of getting his case before us, both as to a correct record and assignments therein. The object of the pertinent Rule is "to relieve the appellate court of the burden of searching the record, or transcript, for the ruling, or action, of the trial court which is made the basis of the assignment of error." Henry v. Jackson, supra.

The omission to comply with the added clause in Rule 1, supra, supports our dismissing the appeal ex mero motu, since the lack of any assignments makes the entire matter presented before us nugatory.

Accordingly, the appeal is

Dismissed.

---

1. Code 1940, T. 15, § 389: "In cases taken to the supreme court or court of appeals under the provisions of this chapter, no assignment of errors or joinder in errors is necessary; but the court must consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands. But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant."