**222**

231 So.2d 95

**John L. ADRIAN and Lucille Adrian**

**v.**

**Joe Watt LOCKRIDGE, J. W. Lockridge, Jr., Billy Frank Lockridge and Jerry Gayle Lockridge.**

**7 Div. 863.**

Supreme Court of Alabama.

Jan. 22, 1970.

Burns, Carr & Shumaker, Centre, for appellants.

Irby A. Keener, Jr., Centre, for appellees.

MADDOX, Justice.

This appeal is from a decree of the Circuit Court of Cherokee County, In Equity, establishing a boundary line between the property of the appellants and the appellees.

Appellees file a motion here claiming that appellants' brief fails to comply with Supreme Court Rules 1 and 9. We have carefully examined appellants' brief and there is no substantial compliance with Rules 1 and 9, and the judgment of the trial court is due to be affirmed.

The appellants' thirteen assignments of error do not refer to the page or pages of the transcript of the record on which the ruling is recorded. We have held previously that where there is reference to certain record pages following an assignment of error and we fail to find any such ruling on the page or pages referred to, no question is presented for our determination. Henry v. Jackson, 279 Ala. 225, 184 So.2d 133 (1966). In neither of appellants' thirteen assignments does the page reference correspond to the ruling or action of which appellants claim error.

Appellants' brief substantially fails to comply with Rule 9 also. Appellants claim that the evidence was insufficient to support the judgment of the court. Yet there is no "condensed recital of the evidence given by each witness in narrative form bearing on the points in issue" contained in appellants' brief. The failure of the appellants to comply with Rule 9 with regard to those assignments of error relat-

ing to the sufficiency of the evidence to support the decree, in fact or law, constitutes a waiver and abandonment of them. Mothershed v. Mothershed, 274 Ala. 528, 150 So.2d 372 (1963).

No reference is made to any of the assignments of error in appellants' brief. We have held many times that this is insufficient to justify our consideration of the assignments of error. Piper Ice Cream Co. v. Midwest Dairy Products Corp., 279 Ala. 471, 187 So.2d 228 (1966), and cases there cited.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.