268 So.2d 866

**Hilton OWEN**

v.

**CITY OF ONEONTA.**

**6 Div. 303.**

Court of Criminal Appeals of Alabama.

Oct. 3, 1972.

B. J. McPherson, Oneonta, for appellant.

Hugh A. Nash, Oneonta, for the City of Oneonta, for appellee.

PER CURIAM.

The appellant was charged with resisting arrest and possessing prohibited liquors, in separate cases, in violation of city ordinances of the City of Oneonta. On his conviction in the city court the appellant appealed said cases to the Circuit Court of Blount County and said cases were on motion of the appellant consolidated for trial before the circuit judge without a jury. The trial in said circuit court resulted in a conviction and judgment in accordance therewith in each case. Hence, this appeal.

The record on this appeal includes both cases in the same record. The appellant filed in the trial court a separate assignment of error in each case on September 22, 1971. Said assignments of error do not list the page or pages of the transcript on which the ruling complained of is recorded and does not bear the certificate of the appellant or his counsel, that a copy of the same has been served upon the appellee or its counsel.

The appellee filed motions to dismiss said appeals on the grounds that there is no assignment of error whereby appellant states concisely in writing in what the error consists, that there is no assignment of error assigned by appellant whereby the appellant lists the page or pages of the transcript of the record on which the ruling complained of is recorded, and that no copy of the assignment of error has been served upon the appellee or its counsel and no certificate of such service has been made by appellant or his counsel.

Revised Rules of Practice in the Supreme Court, Rule 1(1), Tit. 7, Code of Alabama, Recompiled 1958, provides:

"In assigning error, it shall be sufficient to state concisely, in writing, in what the error consists; and each assignment shall list the page or pages of the transcript of the record on which the ruling is recorded. Such assignments shall be written or typed upon transcript paper and bound with the transcript, and shall bear the certificate of the appellant, or his counsel, that a copy of the same has been served upon the appellee or his counsel. The words, 'There is no error in the record,' written or typed following the assignments of error, or contained in appellee's brief shall be sufficient joinder in error."

The failure to comply with requirements of Rule 1(1), Revised Rules of Practice in the Supreme Court, supra, commands a dismissal of said appeals. See Woods v. City of Tuscaloosa, 43 Ala.App. 626, 198 So.2d 306.

It is ordered and adjudged by the court that the motion of the appellee to dismiss the appeals be and the same is granted and said appeals are dismissed.

The foregoing opinion was prepared by L. S. MOORE, Supernumerary Circuit Judge, and adopted by this court as its opinion.

Appeals dismissed.

All the Judges concur.