EMBRY, Justice.
The State appeals from a condemnation award. We affirm.
In 1972, the State of Alabama exercised its power of eminent domain to acquire a right-of-way over appellee’s land for construction of a new highway. This road-building was endangered when a slide, which deposited debris onto the new highway, interrupted construction. In order to protect the highway from this problem, the State decided that another 2.7 acres of ap-pellee’s land adjoining the highway should be condemned. On 17 June 1976, in response to the State’s petition, the probate *1185 court of Marshall County ordered this condemnation.
Appellee, dissatisfied with the probate court’s award of compensation, appealed to the circuit court for trial de novo pursuant to Code 1975, § 18-1-20. Both parties agreed by stipulation as to the State’s right to condemn the property and that the trial court would fix the amount of interest due; the sole issue for the jury was the amount of damages and compensation to be awarded appellee. The jury awarded appellee the sum of $11,400.
The State complains of two rulings by the trial judge as to the admissibility of certain evidence. First, the State complains the trial court erred when it permitted the jury to hear evidence regarding the suitability of appellee’s property for residential use. Second, the State argues the trial court erred when it allowed the jury to consider testimony that allegedly concerned factors for which the appellee was already compensated in the prior 1972 condemnation. We find no error by the trial court as to either contention.
First, this court has clearly held that evidence regarding the adaptability of property to residential use is admissible in condemnation proceedings. State v. Boone, 276 Ala. 16, 158 So.2d 658 (1963). It is always relevant to inquire into the various elements of value, such as the uses to which the property is adapted, although not presently so used, if it appears that such prospective use affects the present market value of the land. State v. McDaniel, 285 Ala. 310, 231 So.2d 878 (1970). Any question as to the plausibility of the prospective residential use goes to the weight of the evidence, not to its admissibility.
We also find no merit in the State’s allegation of improper consideration by the jury of damages already compensated for in the 1972 condemnation award. The evidence complained of was appellee’s testimony that access to his land south of the new highway was limited by the highway. Although appellee’s loss of access was certainly compensated for in the 1972 condemnation award, the trial court was correct in ruling this evidence admissible. A landowner has a right to testify as to the value of his land by describing the property. State v. Hastie, 333 So.2d 795 (Ala.1976). The State could have asked for a limiting instruction by the trial court to direct the jury to consider this evidence only for the limited purpose of describing the property and not for the purpose of compensating for loss of access. Its failure to utilize this alternative precludes the State from asserting error by the trial court on this ground.
Since there is no reversible error in the record, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.